1829.

Lawrence
v.
Greenwich
Fire Ins Co.

---

\*Lawrence *v.* The Greenwich Fire Insurance Company.          [\*587]

> Where the holders of a majority of the stock of the corporation neglect to choose officers to take charge of the property of the corporation, a receiver will be appointed, upon the application of the owners of a minority of the stock, to take possession of the effects of the corporation and to preserve the same for the benefit of the stockholders generally.

This was a bill filed by a stockholder against the Greenwich Fire Insurance Company and some of its former directors. It alleged that the directors had violated their trust; that the corporation was virtually dissolved; that it had no office or place of business; and that it had no officers to attend to its concerns. The bill had been taken *pro*

August 24th.

*confesso* against the company, upon a special service and publication of notice, in pursuance of an order of the court.

*H. H. Warner*, for the complainant, now moved for a receiver to take charge of the property and effects belonging to the corporation.

*D. Selden*, in behalf of the former directors, who had answered, opposed the motion.

THE CHANCELLOR:—From the facts disclosed in the bill, answers and petition, it is evident there is no person at present authorized to take charge of and conduct the affairs of the corporation. If those who own a majority of the stock neglect to elect directors to take charge of the property of the corporation, the minority are not to be the sufferers in consequence of such neglect. Under these circumstances it is proper to appoint a receiver to take charge of the effects of the company, and preserve them for the benefit of the stockholders generally. The cases of *Andrews* v. *Powis*, (2 Brown's P. C. 504,) and *Maguire* v. *Allen*, (1 Ball & Beat. 75,) fully sustain the principle that a receiver may be appointed in any case, where it is necessary for the preservation of the property pending litigation.

[*588]     *It must be referred to a master to appoint a receiver with the usual powers, and to settle the amount of security to be given, and to ascertain the sufficiency of the sureties offered. After the appointment is completed, the present officers of the institution, if any there are, and all former officers, must deliver over, upon oath, under the direction of the master, all books, vouchers, property or effects in their hands, or within their power or control, belonging to the company.