## SUPREME COURT.

### ALBERT CONRO and others agt. HORACE GRAY, PORT HENRY IRON Co. and others.

A corporation which shall for one year suspend its ordinary and lawful business, shall be deemed to have surrendered its franchises and shall be adjudged to be dissolved. (2 R. S. 463–4, sections 38 and 56.)

Where a corporation ceases to act and the president and principal stockholders assume to use the property as their own, there is no other remedy for the creditors but to file a bill (a complainant now,) *and ask for a receiver.*

A receiver will be appointed, where there are no persons to take charge of the effects of the company and preserve them for the benefit of the creditors and stockholders generally, (1 Paige, 587;) also, where a fraud is shown in the defendant and the fund is in danger of being wasted or misapplied, (5 Simons, 485; 1 Barb. R. 664; 1 Hopk. 429; 3 John. Ch. 48;) also, to prevent the removal of the property beyond the jurisdiction of the court. The merits are not inquired into on a motion for a receiver.

Where the president of a corporation, who was the principal stockholder, (six-sevenths,) assigned the personal and a portion of the real estate to different assignees, in trust to pay his individual debts: *Held,* that he was guilty of a breach of trust and of a fraud upon the creditors of the company. And the assignees, by accepting the assignments, might be deemed parties to his breach of trust. It is no answer to the appointment of a receiver in such a case, that the assignees are solvent and responsible.

*Schenectady General Term, Jan.* 1849.—PAIGE, WILLARD and HAND, Justices. Appeal by the defendants Tuckerman and others from an order of Justice Willard appointing a receiver of the rents and profits of the real estate of the personal property of the Port Henry Iron Co.

G. W. MORRIS, *for appellants.*

GEO. A. SIMMONS, *for the respondents.*

By the Court. PAIGE, Justice.—The plaintiffs allege in their bill that the personal property assigned by Horace Gray to Joseph Tuckerman, and the parcel of land called the Stone purchase, conveyed by Gray to Hooper, Bullard & Coffin, as assignees, belong to The Port Henry Iron Company; that Tuckerman has taken possession of the personal property assigned to him, and has applied a part of the same, and threatens to apply the whole of the residue in payment of the individual debts of Horace Gray, pursuant to the trusts of Gray's assignment to him. The plaintiffs also allege in their bill that Hooper, Bullard & Coffin claim to control the iron works, ore beds and other real estate, including the Stone purchase of The Port Henry Iron Co., for the uses of the assignment to them in payment of the individual debts of Horace Gray.

It is also alleged in the bill, that the plaintiffs are creditors of the Port Henry Iron Co.; and that all the property of said company, including that assigned, is not more than sufficient to pay the debts of the company. Horace Gray owned six-sevenths of the stock of the company, and was president thereof. And the bill alleges that he, from 1845 to 1847, ran the iron works and carried on the business of the company under a lease at a nominal rent, but for the use and benefit of the corporation. Hooper, Bullard & Coffin reside in the state of Massachusetts. The plaintiffs allege in their bill and show by affidavits that the iron works and ore beds, during the pendency of the suit, ought to be used and operated for the advantage of all the parties interested therein.

In answer to the application for a receiver, the defendants show, that Tuckerman, Hooper, Bullard & Coffin are gentlemen in good credit, and of pecuniary responsibility, that the complainants are creditors at large only; and they urge also, in opposition to the motion, that the bill does not allege the insolvency of the corporation.

Upon a motion for a receiver, the merits are not inquired into. Such motion relates only to the preservation of the property in controversy. (4 Wend. 173.)

Horace Gray, as president of the Port Henry Iron Co., was a trustee of the creditors of the company. His assignments of the property of the company in trust to pay his individual debts, was a breach of trust and a fraud on the creditors of the company. The property, if it belonged to the company, was a trust fund for the payment of its creditors. And such creditors having claims on such fund for the payment of their debts, had a right, before proceeding to judgment and execution, to file a bill against the corporation and the assignees of Gray, to prevent a misapplication of the trust fund, and to secure its appropriation to its legitimate uses, viz.: the payment of the debts of the company. (Story's Eq., §§ 827, 835, 851; *Innes* v. *Lansing*, 7 Paige, 583.) And the court, to accomplish this object, may either appoint a receiver, or require security for the due preservation and appropriation of the property.

The bill in this case comes within the equity of the provisions of the Revised Statutes, in relation to proceedings against corporations in equity. (2 Rev. Stat. 463-4, sections 38 and 56.) A corporation which shall for one year suspend its ordinary and lawful business shall be deemed to have surrendered its franchises and shall be adjudged to be dissolved.

In this case the corporation ceased to act and the president and principal stockholders assumed to use the property as their own, there was no other remedy for the creditors but to file this bill and ask for a receiver.

Where there are no persons authorized to take charge of and conduct the affairs of a corporation, a receiver will be appointed to take charge of the effects of the company and preserve them for the benefit of the creditors and stockholders generally. (*Lawrence* v. *Greenwich Fire Insurance Co.*, 1 Paige, 587.) And a receiver will be appointed, where a fraud is shown in the defendant, and the fund is in danger of being wasted or misapplied. (*Podmore* v. *Gunning*, 5 Simons, 485; 1 Barb. R. 664; 1 Hopk. 429; 3 John. Ch. 48.) Here, there are no persons authorized to take charge of the property of the corporation; and the president, by assigning the property, was guilty both of fraud and a breach -of trust. A receiver also will be appointed to prevent the removal of property beyond the jurisdiction of the court. There is danger of such removal, at least so far as respects the property assigned to the assignees in Massachusetts. (8 Paige, 377.) And a receiver will be appointed as against a defendant, who is out of the jurisdiction of the court. (*Gibbons* v. *Mainwaring*, 9 Simons, 77; *Tanfield* v. *Irvine*, 2 Russ. 149.)

The defendants, by accepting the assignments from Horace Gray, may be deemed parties to his breach of trust. And there is danger that they will misapply the property assigned, to the injury of the plaintiffs. Under the circumstances, the solvency of Tuckerman is no answer to the motion for a receiver as to him. And the non-residence of the other assignees is a sufficient ground for the application as to them.

The order of Justice Willard, appointing a receiver, must be affirmed with costs.