## PATTEN *a.* THE ACCESSORY TRANSIT COMPANY.

*Supreme Court, First District; Special Term, January,* 1857.

APPOINTMENT OF RECEIVER.—INSOLVENT CORPORATIONS.—RIGHTS
OF MORTGAGEES.

As a general rule, in cases of numerous conflicting claims against an insolvent corporation, a receiver of the property of the corporation will be appointed, whenever, in the exercise of a sound discretion, it is apparent to the court that under the circumstances the property ought to be placed in indifferent and impartial hands, to secure its preservation during the controversy.

It is not a conclusive answer to an application for a receiver that the appointment is opposed by a mortgagee in possession, of the property sought to be reached. So held in a case where there were other liens on the property, prior to the mortgage held by the objecting creditor.

Motion for the appointment of a receiver.

This action was brought by William Patten and others, creditors of the Accessory Transit Company, against the Accessory Transit Company, Cornelius Vanderbilt, Messrs. Morgan and Hoyt, and others, and John Orser, sheriff of the city and county of New-York.

*Foster & Thompson* and *E. W. Stoughton*, for plaintiffs.

*C. A. Rapallo*, *H. F. Clark*, and *D. Lord*, for defendant Vanderbilt.

*F. B. Cutting*, for defendants Morgan & Hoyt.

*A. J. Vanderpool*, for the sheriff.

DAVIES, J.—The plaintiffs in this cause have acquired a lien, by virtue of an attachment, upon four steamships owned by the defendants the Accessory Transit Company, a foreign corporation. A large number of the other defendants have acquired a like lien, by virtue of similar attachments, and by judgments and executions against the said corporation, and levies made by virtue thereof by the sheriff of the city and county of New-York upon said four steamships.

On February 6, 1856, the Transit Company executed a mortgage to the defendants Morgan & Hoyt, on two of the ships—the Northern Light and Star of the West—to hold the same in trust to secure the payment of one hundred and twenty bonds of $1000 each; of which bonds the defendant Vanderbilt is the owner and holder of one hundred and eighteen.

On February 9, 1856, the Company executed a mortgage upon the ship Daniel Webster to Messrs. Lord & Cross, as trustees, to secure the payment of ten bonds of $5,000 each; all of which are now owned and held by the defendant Vanderbilt.

On June 12, 1856, the defendant Vanderbilt, having advanced to the Company the sum of $70,617.37, and a further advance being contemplated, the Transit Company sold and conveyed to the defendant Vanderbilt, as security for such and future advances, the said four steamships, and placed him in possession thereof. The defendant Vanderbilt has since advanced to the Company the further sum of $62,202.02, making the total amount of his advances, for which he claims to hold the ships, $132,817.39.

Subsequent mortgages have been executed by the Company

to Lord & Cross, as trustees, to secure bonds which are now held by the defendant Vanderbilt.

The various attachments and liens by execution upon these four ships amount to about the sum of $100,000.

The Prometheus has been sold by the United States Marshal since the pendency of this motion, and purchased by the defendant Vanderbilt. Since the argument of the motion commenced, the steamship Daniel Webster has been removed out of the jurisdiction of this court.

A motion is now made for the appointment of a receiver, to take charge of the property pending this litigation, and to preserve and make such disposition of it as shall be ordered by the court.

The motion for the appointment of a receiver of the property of this corporation is opposed by the defendant Vanderbilt in his character of mortgagee, as he claims, in possession. He is, also, and has been since February 6, 1856, president of the Company, but neither he, nor any one on behalf of the Company, as representing the Company, opposes the motion. The defendant Vanderbilt claims that being a mortgagee in possession, it is not competent for the court to interfere with or disturb that possession, however much the rights of the other creditors of the Company may be jeopardized thereby.

In this, I think the counsel for the defendant Vanderbilt are mistaken. His claim is only that of a lien for the payment of his debt, in the order of its priority; the same right which each of the other creditors has. When his debt is paid, and which is subject to the prior liens, the residue is to go to the payment of subsequent liens; and the defendant Vanderbilt, claiming as mortgagee, and also representing the mortgagors, has united in him hostile and conflicting interests.

It is apparent to my mind that this property should be placed in indifferent and impartial hands; and the appropriate custodian is a receiver of this court, who will be bound equally to protect the rights of all, and represent the interests of all, and the special interests of none.

I understand this to be a familiar and well-recognized principle of equity jurisprudence. The rule governing cases like the present is well laid down by Barbour (1 *Ch. Pr.*, 658):—" A receiver is appointed for the benefit of the interested party who

makes the application, and for any others who may choose to avail themselves of it, and who may have an interest in the property proposed to be put into the hands of a receiver. The immediate moving cause of the appointment is the preservation of the subject of the litigation, or the rents and profits of it, from waste, loss, or destruction, so that there may be some harvest, some fruits to gather after the labors of the controversy are over."

The preservation of this property from waste and destruction so that the creditors, as well as the other parties to this action who may have liens thereon, may gather some fruits from this litigation, is vital to the rights of all interested, and renders it, in my opinion, the imperative duty of this court to place its shield of protection around it.

It is not, in my judgment, a sufficient answer to this to say that Mr. Vanderbilt is interested in the protection of this property, and therefore this court should not interfere. But how is he interested? Only for the payment of the liens held and owned by him, not for the payment and discharge of the large amount of claims represented by this numerous body of attachment and execution creditors. They appeal to this court to interpose its arm for their protection, and this court cannot turn a deaf ear to that application.

I think the appointment of a receiver in this case is directly authorized by subdivision 1 of section 244 of the Code. That subdivision authorizes the appointment of a receiver before judgment on the application of either party, when he establishes an apparent right to property which is the subject of the action, and which is in the possession of an adverse party, and the property is in danger of being lost or materially injured or impaired.

The facts appearing on the motion in this cause are sufficient to warrant the appointment under the authority thus conferred.

Subdivision 4 of the same section authorizes the appointment of a receiver to take charge of the property of a corporation which has been dissolved, or is insolvent, or in imminent danger of insolvency.

Now, it is conceded that these steamships are the property of this corporation, subject of course to the payment of the liens upon them; that the corporation is insolvent, or in imminent

danger of insolvency. These undeniable positions render it imperative on the court to appoint a receiver in this case.

The exercise of this power must depend upon the sound discretion of the court, and when it appears fit and reasonable, some indifferent person, under approved security, shall take charge of the property for the greater safety of all the parties concerned (Verplanck *a*. Caines, 1 *Johns. Ch. R.*, 57).

So when, as is apparent in this case, there are no persons authorized on behalf of the corporation to take charge of and conduct the affairs of the corporation, and preserve and protect its property, a receiver will be appointed to take charge of the effects of the corporation, and preserve them for the benefit of the creditors and stockholders generally (Lawrence *a*. The Greenwich Insurance Company, 1 *Paige*, 587). A receiver will also be appointed to prevent the removal of property beyond the jurisdiction of the court.

In every light in which I have regarded this case, it seems to me to be my duty to appoint a receiver to take charge of this property. I am unable to see that the rights of any one can be injured by it, but, on the contrary, I think that those of all interested in this property will be preserved thereby. The rights of the mortgagees prior to those of Mr. Vanderbilt, and the parties interested under these mortgages, cannot be prejudiced.

Mr. Vanderbilt's security for the moneys advanced by him is not in any way impaired. The rights of the attachment and execution creditors to what may remain, after the payment and discharge of these prior liens are secured, and the Company attains what it ought especially to desire, the application of its property to the payment of its just debts and its preservation for that purpose, in the order of the respective claimants.

An order will therefore be entered for the appointment of a receiver, without prejudice to the rights of the mortgagees under the several mortgages to secure the payment of the bonds issued by the Company, or to the rights of the holders thereof, or to the rights of Mr. Vanderbilt under the mortgages executed to him.

Let it be provided in the order that the receiver have no power to sell or dispose of the property, or any part thereof, without special leave of the court.