Sheridan Brick Works *v.* Marion Trust Co.

---

SHERIDAN BRICK WORKS *v.* MARION TRUST COMPANY, ADMINISTRATOR, ETC.

[No. 19,566.    Filed October 23, 1901.]

RECEIVERS.—*Appointment.*—*Corporations.*—Plaintiff as administrator brought suit against defendant, a corporation engaged in the manufacture of brick, on certain promissory notes aggregating $45,000 and asked for the appointment of a receiver *pendente lite.* The complaint showed that decedent and two other parties held the entire stock of the corporation and composed its directorate, decedent being the president and manager. The stockholders were unable to agree upon the selection of a president and director to fill the vacancy made by death of decedent, the works remained idle, and the company had no money to operate them or to pay its indebtedness. *Held,* that the complaint showed sufficient ground for the appointment of a receiver. *pp. 293-300.*

CORPORATIONS.—*Appointment of Receiver.*—The rule requiring members of a corporation to seek redress from the officers of the corporation for any wrong done them as shareholders before applying to a court of equity for relief does not apply where there is no directory or governing body to which an application for redress could be made. *pp. 298-300.*

APPEAL AND ERROR.—*Receivers.*—*Evidence.*—The rule that the Supreme Court will not weigh the evidence on appeal has no exception in a proceeding for the appointment of receiver. *p. 300.*

From Marion Superior Court; *J. M. Leathers,* Judge.

Action by Marion Trust Company as administrator of the estate of Mason J. Osgood, deceased, against the Sheridan Brick Works on certain promissory notes, and for the ap-

pointment of a receiver. From an order of court appointing a receiver, defendant appeals. *Affirmed.*

*L. D. Hay, J. W. Bowlus* and *C. C. Hadley,* for appellant.

*A. C. Ayres, A. Q. Jones* and *J. E. Hollett,* for appellee.

JORDAN, J.—Appellee, the Marion Trust Company, as the administrator of the estate of Mason J. Osgood, filed an amended complaint in the lower court consisting of twenty-one paragraphs; in each of these, except the last, it sought to recover against appellant on certain promissory notes in favor of its decedent's estate. These notes in the aggregate amount to $45,000. By the last paragraph of the complaint appellee sought for the appointment of a receiver *pendente lite.* After hearing the evidence introduced by each of the parties, the court made an interlocutory order whereby a receiver was appointed for said corporation, and for a reversal of that order this appeal is prosecuted. The errors assigned relate to the insufficiency of the complaint and to the alleged error of the court in appointing a receiver under the evidence.

The material facts, among others, set forth in the paragraph of complaint in question may be summarized as follows: Appellant is a corporation engaged in the manufacture of brick, and its principal office is located in the city of Indianapolis, Indiana. It is engaged in operating two plants in the manufacture of brick, one of which is situated in the town of Sheridan, Hamilton county, and the other at Brazil, Clay county, Indiana. The capital stock is $50,000, divided into 500 shares, of which 250 are owned and held by Oliver H. Root and 249 shares are owned and held by the estate of Mason J. Osgood, and one share is owned by Aquilla Q. Jones. Mason J. Osgood died on December 10, 1900, and previous to his death, he, together with said Oliver H. Root and Aquilla Q. Jones, constituted the directory of the corporation. Osgood at the time of his death was also the

president and manager of the concern, and Root was the secretary and treasurer thereof. The company is indebted to the estate of Mason J. Osgood of which the Marion Trust Company is the administrator, in the sum of $45,000, which indebtedness is past due and unpaid and the company has no funds out of which to pay and discharge said indebtedness. The brick works of the company situated at Sheridan are idle, and the company has no money to operate them, and because of their not being operated they are rapidly deteriorating in value. Prior to and at the death of Osgood, the company's president, there existed a disagreement among its officers and stockholders in respect to the management of the concern, and this disagreement still continues to exist and thereby the affairs of the company are in an unsettled condition. On the 3rd day of January, 1901, a meeting was held by the stockholders for the purpose of filling the vacancies which had resulted in the directory and in the office of president by reason of the death of Osgood, but the stockholders were unable to agree upon persons to fill said vacancies, and by reason of the continuance of such disagreement these offices remain vacant, and the company has no president or manager and but two directors, and will continue in this condition for the reason that the stockholders can not or will not agree upon some one to fill said offices. Root, the secretary and treasurer, and also one of the two directors, has refused to call any meeting of the company for the purpose of endeavoring to elect a third director and a president, and by reason of this condition of the company its business and property are in danger of and liable to be dissipated and irreparably injured unless a receiver is appointed by the court to take charge of and manage the affairs of the corporation. Sections two and four of article one of the company's by-laws, as set out in the complaint, are as follows: Section 2. "The president shall preside at all meetings of the company and shall be the manager and have active control of the business affairs of

the company. He shall approve all bills and countersign all checks given for disbursements by the company." Section 4. "The treasurer shall receive and hold all funds of the company and shall place them on deposit to the credit of the company in such bank or banks as the board of directors may order or direct. He or she shall make no disbursements unless especially directed to do so by either the president of the company or board of directors. The president of the company shall countersign all checks with the treasurer."

In compliance with these by-laws, the funds of the company for a long time prior to the death of Osgood had been deposited in the Fletcher National Bank of Indianapolis, to be checked out only as provided by the by-laws. At the time of the death of Mason J. Osgood, its president, the company had on deposit in said bank $1,305.42, and this money can not now be drawn or used by the company for the reason that there is no president to countersign the checks drawn upon said bank as provided by the by-laws. Oliver H. Root, the secretary and treasurer and one of the directors as heretofore stated, in violation of the by-laws of the company, as alleged, is assuming to manage the business of the concern and is neglecting to deposit the money in the bank as the by-laws direct. The company has no officer authorized to manage its affairs or to approve bills, or countersign checks drawn upon banks. That by reason of all which its affairs have become complicated and there are numerous creditors who are likely to commence suits against said company, to enforce the payment of their claims, and its assets and property are liable to become dissipated and destroyed, and the company is in danger, it is alleged, of becoming insolvent. Appellant contends that the complaint upon which the order appointing a receiver is based does not state facts sufficient to authorize the appointment. The contention is that appellee, the moving party, under the facts therein alleged, is shown to occupy only the position of a creditor, and as such,

in order to secure the appointment of a receiver it must further be shown that it has a lien on the property of appellant or an equitable claim thereto. Reviewing the facts as alleged in the amended complaint, we find that they disclose that appellee's decedent at the time of his death was a large stockholder in appellant corporation, and that this stock is now held by appellee as the representative of his estate. The entire stock, it appears, was held by three persons, Root, Jones, and Osgood, appellee's decedent, and these three constituted the directory of the corporation. Osgood at the time of his death was the president and manager of the concern. The by-laws set out and embodied in the complaint show that the president has the active control of the company's business affairs and is required to approve all bills and countersign all checks, etc. Osgood in addition to his being a stockholder was also at the time of his death a creditor of the company holding claims due against the same to the amount of $45,000. It also appears that appellant in addition to this indebtedness was indebted to other persons to the amount of $15,000, and that it has no money with which it can meet and pay its said indebtedness. It is further disclosed that by reason of being without money or means to defray its necessary operating expenses one of its plants is idle and is fast deteriorating in value. Root holds one-half the stock, and Osgood's estate together with Jones holds and controls the remainder. By reason of disagreement and dissension upon the part of these stockholders, the vacancy in the directory and also in the office of president, occasioned by the death of Osgood, still continue unfilled. It is charged that Root is wrongfully, and in defiance of the by-laws of the corporation, attempting to manage its business, and that its property is in danger of being dissipated and injured, and that the corporation is in danger of becoming insolvent, etc. It is certainly evident, under the facts, that the interest which the estate of Osgood, represented by appellee, has in the corporation in question is of a

dual or twofold character, namely, that of a stockholder and also that of a creditor. The facts show that since the death of Osgood the company has but two directors while the governing statute under which it was organized and operated expressly requires that its business shall be managed by not less than three directors. Section 5054 Burns 1901. This section also provides that the directory shall elect a president. It is manifest then that until the vacancy in the directory is filled no president can be rightfully chosen, and the corporation will continue to be without any legitimate governing body or head to carry on or conduct its business affairs. In this state it seems that the company is confronted with the fact that it has no available means to operate its plant and that its property is, by reason of its unfortunate condition, deteriorating in value. Notwithstanding the condition, however, in which the concern has been placed, it seems that Mr. Root, one of its stockholders, is attempting, without right, to manage and control its business affairs. Section 1236 Burns 1901 provides that "A receiver may be appointed, * * * in the following cases: * * * *Third,* In all actions, when it is shown that the property, * * * in controversy is in danger of being lost, removed, or materially injured. * * * *Fifth,* when a corporation * * * is insolvent, or is in imminent danger of insolvency, * * *. *Seventh,* And in such other cases * * * where, in the discretion of the court, or the judge thereof in vacation, it may be necessary to secure ample justice to the parties."

In *Mead* v. *Burk,* 156 Ind. 577, in considering the force and effect of this last clause of the above section, we said: "Under its authority a receiver may be appointed in any case in which, according to the established rules of equity, the appointment may be necessary 'to secure ample justice to the parties,' without regard to the form or character of the principal action. *Hellebush* v. *Blake,* 119 Ind. 349; *Connelly* v. *Dickson,* 76 Ind. 440; *Wayne Pike Co.* v. *Ham-*

*mons,* 129 Ind. 368; *Goshen, etc., Co.* v. *City Nat. Bank,* 150 Ind. 279."

It is true that a court generally will, and should, decline to appoint a receiver in any case where it has no reason to believe that a benefit will result from the appointment. Beach on Receivers § 7; Smith on Receivers § 5. But a court confronted with the facts and circumstances as they are shown to exist in this 'case would certainly have cause to believe that a temporary transfer, at least, of the management and control of the property and affairs of this headless concern, to the hands of a receiver, under the supervision of the court, would be of more benefit to all concerned than to permit the corporation to remain and continue in its condition as shown to exist. A proceeding to secure the appointment of a receiver *pendente lile* is not an independent proceeding. It is but ancillary or auxiliary to the main action, and is not the ultimate purpose or object contemplated by the principal action. *Iron Hall* v. *Baker,* 134 Ind. 293, 20 L. R. A. 210; *State* v. *Union Nat. Bank,* 145 Ind. 537, 57 Am. St. 209.

It is true that the applicant or moving party for a receiver in all cases, in order to prevail, must show, among other things, that he has a present existing interest, or at least a probable right or interest in or to the property, fund, or assets over which he seeks to have a receiver appointed. *Iron Hall* v. *Baker, supra; State* v. *Union Nat. Bank, supra; Steele* v. *Aspy,* 128 Ind. 367; *Mead* v. *Burk,* 156 Ind. 577.

We recognize the general rule for which appellant contends that the legal relations existing among the members of a corporation require them first to seek redress from its officers for any wrong done to them as shareholders before applying to a court of equity for relief. But this rule is subject to well recognized exceptions, the principal one of which is that the rule is not applicable when it appears that such application in the first instance to the officers of the

corporation for such redress would be unavailing to protect the rights of the shareholder or shareholders. The exception will certainly apply in the case at bar, so far as the estate of Osgood as a stockholder is concerned, in the appointment of a receiver, for, under the facts as previously shown, it appears that there is no directory or governing body to which an application for redress could be made. Neither can it be asserted that this proceeding is an unwarranted attempt on the part of appellee to wrest the management and control of appellant's affairs from its legally constituted officers, and turn its property and business over to the management and control of a receiver. It virtually has no directory or governing body to control its affairs, and by reason of the alleged dissensions or disagreements existing among its stockholders, this condition bids fair to continue for an indefinite time. The ultimate object of the principal suit in this case is to recover a judgment against appellant for $45,000, due to the estate of Osgood. This estate, as a stockholder and as a creditor, is interested in and has a right to have the affairs and business of appellant properly and legally managed and conducted, and its funds and property protected, preserved, and properly applied to a legitimate use or purpose, in order that the indebtedness may be paid. As a stockholder it is also interested in having the corporation preserved, and not dissolved, so that subsequently if expedient the management and control of its business and property may be returned by the court to its legally constituted officers. We are aware of the rule contended for by appellant, that the appointment of a receiver is an extraordinary and harsh remedy and as a general rule is not awarded where there exists a complete or adequate legal remedy. But under the facts in this case we think it was eminently proper for a court of equity to interpose its prerogative and appoint a receiver pending the litigation. *Wayne Pike Co.* v. *Hammons,* 129 Ind. 368; *Hellebush* v. *Blake,* 119 Ind. 349; *Iron Hall* v. *Baker,* 134 Ind. 293;

*Goshen, etc., Co.* v. *City Nat. Bank,* 150 Ind. 279; Smith on Receivers, p. 361; *Conro* v. *Gray,* 4 How. Pr. 166; *Sage* v. *Memphis, etc., R. Co.,* 125 U. S. 361, 8 Sup. Ct. 887, 31 L. Ed. 694; Cook on Stockholders, etc., §684, footnote 2; Morawetz on Priv. Cor. §§284, 285.

We conclude that the amended complaint under the facts therein averred is sufficient to justify the court in appointing a receiver.

It is finally urged that the order of the court is not supported by sufficient evidence. It is true that the evidence in regard to some of the points in issue is conflicting, but there is evidence which fully sustains the complaint in all respects. The rule that this court will not weigh the evidence on appeal has no exception in a proceeding to appoint a receiver. In such cases, as in all others, there must be such a deficiency of evidence on some material point as to raise a question of law before this court will be justified in disturbing the order of the lower court upon the evidence. *Mead* v. *Burk,* 156 Ind. 577.

The evidence in the record in this case in our opinion discloses such a state or condition in respect to appellant that to leave longer its property and business affairs to be managed and controlled without any head or governing body would, it appears, result in irreparable injury or damage to both its stockholders and creditors.

The interlocutory order appointing the receiver is in all things affirmed.