FRANK SHEEHY ET AL. *vs.* JOHN J. BARRY ET AL.

Third Judicial District, Bridgeport, October Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

As a general rule a court of equity will require minority stockholders of a corporation to request its offending officers to desist from the acts complained of, before it will entertain a bill; but when the occasion is urgent and the defendants wilfully cause the waste and destruction of the corporate assets, and it is evident that such request, if made, would be fruitless, it will not be required.

This rule is as applicable against usurping as *de jure* officers.

While a court of equity will not try a title to office, yet if the question arises incidentally the court will determine it in order to administer its equitable jurisdiction; and therefore if the legality of the acts done, and the interposition of equity, depends upon whether the defendants are lawful corporate officers or mere usurpers, it must ascertain this fact.

In the present case the complaint failed to allege that any demand for redress had been made upon the proper officers of the corporation, but the averments as made carried an implication that no such officers were in existence. *Held,* on demurrer to the complaint, that if there were no such officers no demand could be made upon them, and if there were, and they remained acquiescent while usurpers seized their offices and wasted and misappropriated the corporate property, the situation thus disclosed would make immediate action imperative and indicate the futility of appealing to such negligent officers for a redress of grievances; and therefore the complaint was not insufficient for failing to allege such a demand.

It is not ordinarily within the function of a court of chancery to dissolve a corporation and wind up its affairs; but there are exceptions to this rule.

Whether the situation disclosed by the complaint in the present case presented such an exception, *quære.*

Chapter 194, § 26, of the Public Acts of 1903, furnishes a complete remedy for the dissolution of a corporation and the appointment of a receiver to wind up its affairs, whenever its assets are in danger of waste by attachment, litigation, "or otherwise"; and therefore such remedy was available in the present case, in which the corporate assets were being wasted by the misconduct of the individual defendants.

The words "or otherwise" of the statute mean any other manner not particularly specified in the statute by which the assets are in danger of waste.

Sheehy *v.* Barry.

What will constitute a sufficient reason for the dissolution of a corporation under this statute cannot be determined beforehand by a fixed and rigid rule, but must be left to the good judgment of the trial court. The condition of the corporation, and the possibility of its being carried on with equal justice to all its stockholders, will largely control the nature of the decree.

Where certain individuals have usurped the control of a corporation and by force prevented the choice of proper officers, or prevented their acting, the court can under this statute appoint a receiver to protect the assets until lawful officers are elected or the title to the offices determined, when they can be put in control, or, if there be no reasonable probability of the corporation being able to fulfil its purpose, it may be dissolved; and prayers for a dissolution of the corporation and a winding up of its affairs should not be eliminated upon demurrer, when the facts alleged may, under some conditions developed upon a hearing, justify the court in taking the action prayed for.

Argued October 30th, 1913—decided January 15th, 1914.

SUIT to compel the dissolution of a corporation and the winding-up of its affairs, for an accounting of rents, the appointment of a receiver, and other relief, brought to and tried by the Superior Court in New Haven County on successive demurrers to the original and substituted complaint; the court, first by *Williams, J.,* and later by *Bennett, J.,* sustained the demurrers and rendered judgment for the defendants, from which the plaintiffs appealed. *Error and new trial ordered.*

*Cornelius J. Danaher,* for the appellants (plaintiffs).

*Oswin H. D. Fowler,* for the appellees (defendants).

WHEELER, J. The demurrer admits these facts: The plaintiffs consist of a voluntary association and individual members of it and of the defendant corporation. The defendants consist of the corporation and certain suspended officers and members of it. The corporation has the title to certain land and buildings erected with the funds of the association, and taken

and held for the convenience and benefit of the members of the association. The suspended officers and members have forcibly seized and taken possession of the buildings, evicted the plaintiffs and the corporation, and have since that time received and retained the rents from the buildings, amounting to $1,500, and refused the plaintiffs or the corporation access to the same, and have now agreed to sell them by falsely and fraudulently usurping the title to the offices from which they were suspended.

The assets of the corporation are being wasted and grossly mismanaged, and are in danger of being wholly lost. Because of the unlawful agreement of the defendants to usurp the offices, and to defraud the plaintiffs and the creditors of the corporation of any part of its assets, the plaintiffs and the creditors of the corporation are in danger of losing all of their rights to its assets.

The plaintiffs endeavored to prevent said acts of defendants at the meetings of the members of the association and of the corporation, and, although the plaintiff members were in a large majority, the individual defendants defeated their attempt to prevent these illegal acts and correct these conditions, and by their acts, and by ordering a constable to arrest any plaintiff attempting to speak at the meetings, the plaintiffs were compelled to leave after exhausting all of the means provided by the by-laws.

The principal grounds upon which the demurrer was sustained were: (1) That the right of action, if any, is in favor of the corporation alone, and cannot be maintained by the plaintiffs. (2) That the complaint does not allege that the present officers of the corporation have been asked or have refused to redress the injuries complained of, or that the plaintiffs' appeal to the proper officers would be without avail. (3) That it

is not alleged that the plaintiffs, being a majority of the stockholders, have been unable to select officers at a duly called meeting.

The case presented is one where usurpers of the offices of a corporation have appropriated some and wasted other of its assets, and now purpose selling the remainder for their own benefit, and have forcibly prevented the plaintiffs, although a majority of the stockholders, from securing control of the corporate offices and correcting and preventing these acts of fraud and mismanagement.

If the defendant officers were *de jure* officers, equity would restrain their acts of waste and of self-enrichment under the general prayer for "such other relief as justice and equity may require." Since the officers of a corporation are trustees, a court of general equitable jurisdiction would at the instance of any stockholder prevent a wilful misappropriation of its funds and a waste of its assets, and compel the officers to account for their misconduct. *Davis & Co.* v. *Gemmell*, 70 Md. 356, 376, 17 Atl. 259; *Byrne* v. *Schuyler Electric Mfg. Co.*, 65 Conn. 336, 351, 352, 31 Atl. 833; *Pratt* v. *Pratt, Read & Co.*, 33 Conn. 446, 455, 456; *Scofield* v. *Eighth School District*, 27 Conn. 499, 504; *Sears* v. *Hotchkiss*, 25 Conn. 171, 178; *Dodge* v. *Woolsey*, 59 U. S. (18 How.) 331; *Hawes* v. *Oakland*, 104 U. S. 450.

As a general rule equity will require the minority stockholder to first request the offending officers to desist from the acts complained of, before it will entertain the bill of the minority stockholder. High on Receivers (4th Ed.) § 295c; 4 Thompson on Corporations (Ed. 1895) § 4521; *Sheridan Brick Works* v. *Marion Trust Co.*, 157 Ind. 292, 298, 61 N. E. 666. But when the occasion is urgent, and the officers whose wilful misconduct has resulted in the continued and continuing waste and destruction of the assets of the

corporation are continuing in such course, a court of equity does not compel a minority stockholder to make demand upon the guilty officers before he may bring his action when every indication points to the fact that such a demand would prove fruitless. *Hardon* v. *Newton*, 14 Blatchf. (U. S. C. C. R.) 376, 379; *Davis & Co.* v. *Gemmell*, 70 Md. 356, 376, 17 Atl. 259; *Sheridan Brick Works* v. *Marion Trust Co.*, 157 Ind. 292, 298, 61 N. E. 666.

Principles applicable to *de jure* officers should be equally applicable, and more readily available, against usurping officers.

It is true that a title to office may not be tried in a court of equity; but, if the title arises in an equitable case, the court will determine the question for the purpose of administering in that case its equitable jurisdiction.

So equity may restrain usurpers, and compel them to account under the same conditions it may *de jure* or *de facto* officers. *Johnston* v. *Jones*, 23 N. J. Eq. 216, 226, 227.

If the acts done are lawful or not, according as the officers are lawfully in possession or mere usurpers, and the interposition of equity depends upon whether the acts are done by lawful or unlawful officers, it must ascertain this. *Johnston* v. *Jones*, 23 N. J. Eq. 216, 226, 227.

Upon proof of the facts alleged the court ought to order the defendants to account, and restrain their waste and proposed sale of the corporate assets, and grant such further equitable relief as the situation requires.

There was no occasion to make demand upon the proper officers for a redress of these acts. The complaint does not directly allege that there were such officers; the inference from its terms would more nat-

urally be that there were none such. If it were the fact that they have remained acquiescent while usurpers have seized their offices, wasted the property of the corporation, and are about to appropriate its assets to their own use, this would seem to create a situation which makes immediate action imperative, and renders probable the futility of applying for redress to officers who have so neglected their trust. If, on the other hand, there are no officers, no demand upon them could be made.

The prayer for the dissolution of the corporation and the winding up of its affairs is not ordinarily within the function of a court of chancery in the absence of statutory power. High on Receivers (4th Ed.) § 288. There are exceptions to this general rule. For example, we have held that a court of equity cannot dissolve a corporation, but can wind up its affairs, if insolvent, when this is the only mode of doing justice between it and its creditors. *Barber* v. *International Co.*, 73 Conn. 587, 595, 606, 48 Atl. 758. Other jurisdictions have made exception in the case of fraud, mismanagement, and the like. *Miner* v. *Belle Isle Ice Co.*, 93 Mich. 97, 53 N. W. 218; *Fougeray* v. *Cord*, 50 N. J. Eq. 185, 24 Atl. 499; *Ponca Mill Co.* v. *Mikesell*, 55 Neb. 98, 75 N. W. 46.

We need not now determine whether the exceptional situation presented in the complaint would lead us to decree a winding-up of the affairs of this corporation under the general equity power of a court of chancery, since our statute (§ 26 of chapter 194 of the Public Acts of 1903) furnishes a complete remedy for the dissolution of the corporation and the appointment of a receiver to wind up its affairs. The plaintiffs claim to have brought this prayer for relief under this statute, which provides that: Any stockholder or stockholders owning not less than one tenth of its capital stock, or any member of a corporation not having capital stock,

may apply to the Superior Court for the dissolution of the corporation and the appointment of a receiver to wind up its affairs, whenever there has been: (a) A wilful violation of its charter, or an exceeding of its powers; (b) fraud, collusion, or gross mismanagement in the conduct or control of it; or whenever (c) its assets are in danger of waste by attachment, litigation, or otherwise; (d) it has abandoned its business, and neglected to wind it up and distribute its assets within a reasonable time; (e) a good and sufficient reason exists for the dissolution of the corporation.

The phrase "or otherwise" can mean nothing short of any other manner through which the assets are in danger of waste. The assets of the defendant corporation are being wasted by the misconduct of the individual defendants, and hence the condition of the statute is fulfilled, and the petition to wind up its affairs will lie.

Whenever any good and sufficient reason exists, the court may decree a dissolution. What will be a good and sufficient reason must be left to the good judgment of the court. No fixed rule can be established fitting each case, since the facts of each differ. A settled and wilful course of fraud or breach of trust, or the wilful and needless withholding of dividends on the part of the managers controlling a majority of its stock, especially when done for the purpose of compelling the minority to sell their stock, might furnish instances of a good and sufficient reason for dissolution. These examples constitute a breach of trust on the part of the officers of the corporation. And, similarly, an attempt to dispose of its assets for the enrichment of the officers at the expense of the stockholders, might furnish a good and sufficient reason for dissolution. Whether the decree shall pass or not will depend largely upon the situation and condition of the corporation, and whether

the court can see that it can thereafter be carried on pursuant to its charter, and with equal justice to all of its stockholders.

In the case at bar, apparently, the acts of the usurpers have by force either prevented the selection of proper officers or have prevented their acting. The court can protect the assets of the corporation under this statute by the appointment of a receiver, until lawful officers are selected, or until the title to the offices is determined, and then turn over the assets to them, or, if the situation should indicate that there was no reasonable probability that the corporation composed of the members of this voluntary association could continue to fulfil its charter purposes, it might dissolve it.

It cannot be known until the hearing what the character of the decree should be, and the prayers for relief by dissolution and winding up should not be taken from the case on demurrer, when the facts alleged may under some conditions justify the dissolution and winding up.

There is error, the judgment is reversed and a new trial ordered.

In this opinion the other judges concurred.