## SALTZ et al. v. SALTZ BROS., Inc.
### No. 6752.

United States Court of Appeals for the
District of Columbia.

Argued Jan. 11, 1937.
Decided March 15, 1937.

Leon Tobriner, Selig C. Brez, and Walter N. Tobriner, all of Washington, D. C., for appellants.

John E. Laskey, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellants, defendants below, appeal from a decree restraining them from interfering with the business of appellee, plaintiff below, and for an accounting.

The plaintiff is a Connecticut corporation, incorporated on July 17, 1929, in pursuance of a so-called "basic agreement" between the defendants Lewis and S. Thomas Saltz, and one Langrock. It appears from this agreement that Langrock was engaged in the manufacture of men's and boys' clothing, and Lewis and S. Thomas Saltz were desirous of engaging in the retail haberdashery business in Washington, D. C. It was agreed to organize a corporation to establish an outlet in Washington for the products of the Langrock Clothing Company, which was controlled by Langrock. Lewis and S. Thomas Saltz were to have the management of the Washington store. The agreement prescribed in detail the corporate setup of the new corporation, to be known as Saltz Bros., Inc. The principal office of the corporation was located at No. 129 Church street, New Haven, Conn. At the first meeting of the incorporators on July 27, 1929, S. Thomas Saltz and two others were elected directors of the corporation, to serve until others should be chosen in their stead. The directors then held a meeting at which by-laws were adopted. Two days later, at a special meeting of the stockholders, one of the three directors presented her resignation, which was accepted, and it was voted to elect new directors in addition to the two original directors still holding office. Langrock and one Herman were elected directors, and Lewis Saltz was also elected as an additional director. The directors elected Lewis Saltz as president, S. Thomas Saltz as secretary, Langrock as treasurer, and the two other directors as first and second assistant treasurers. At this meeting the directors voted to employ Lewis Saltz and S. Thomas Saltz to manage the business in Washington for a period of five years, as provided in the basic agreement. They also voted that the corporation enter into a franchise agreement with the Langrock Clothing Company, in accordance with the basic agreement.

It appears that from this time up until February 9, 1935, no regular annual meeting of the stockholders was held. Two special meetings, however, were held, both at the principal office in New Haven, Conn. During this period meetings of the board of directors were held at various times, some at the main office in New Haven and others at 65 Whitney avenue, New Haven. The Washington store was established, and the defendants conducted it under the five-year employment agreement. During this period, in December, 1933, the Secretary of State of Connecticut filed a certificate forfeiting the rights and franchises of the corporation for failure to file annual reports as required by statute. In June, 1935, the corporation complied with the statutory requirements, the forfeiture was revoked, and the corporation was reinstated in good standing.

In the meantime dissension had arisen between the defendants and the other directors. On June 19, 1935, the defendants filed a bill in equity in the Supreme Court of the District of Columbia, seeking the appointment of a receiver for the corporation on the ground that the charter had been forfeited. The court dismissed the bill on the ground that it had no jurisdiction to appoint a receiver for a foreign corporation. On appeal (65 App.D.C. 393, 84 F.(2d) 246) the decree was reversed, this court holding that the lower court had jurisdiction, and the case was remanded for further proceedings. While

that appeal was pending, the bill in the instant case was filed, and from that date until the decree in the present case was entered 'the defendants, disregarding the requirements of the directors, deposited the corporation's funds in a special account provided for payment of salaries and current expenses only, and subject to defendants' check without countersignature, and did not deposit any receipts from the corporation's business in its regular account where the receipts were required by the directors to be deposited, to be disbursed only on checks countersigned by the treasurer or assistant treasurer.

In 1934 Langrock, the majority stockholder of the corporation, endeavored to have a meeting of the stockholders called to consider the settlement to be had at the expiration of the defendants' contract of employment on October 11, 1934. The defendants, who were then president and secretary of the corporation, refused to call such a meeting. No renewal of their employment was had, but they continued to hold the corporate property, conduct the local store, and to compensate themselves at the rate theretofore allowed. In January, 1935, Langrock again attempted to have the president fix a date for the annual stockholders' meeting to be held at the office of the corporation in New Haven, Conn. Lewis Saltz, the president, declined to comply with the request on the ground that his brother, S. Thomas Saltz, was about to undergo an operation. Langrock then gave notice to all stockholders of the corporation that the deferred annual meeting to elect directors and transact other business would be held on Saturday, February 9, 1935, at 2:30 p. m., at the office of the corporation in New Haven, Conn. The notice recited that Langrock was the holder of one-tenth of the outstanding stock, and that the notice was given because of the neglect and refusal of the president to call the meeting, and was in accordance with the statute in such case provided. The defendants received this notice and stated that they would not attend, protesting the action as illegal and arbitrary, and announced that they would contest any action taken at such meeting. This meeting was held according to the call, and five directors were unanimously elected, being four of the original directors (including S. Thomas Saltz) and one Emery. The defendants did not appear at this meeting. The meeting of the directors was held, all present but S. Thomas Saltz, and Langrock was elected president and treasurer, Kellenberg, vice-president, Rubington, secretary, Emery, assistant secretary and assistant treasurer. Langrock was authorized to select and hire a manager for the corporation's store in Washington and to dispense with the services of any and all employees, and to hire any persons, as in his opinion was for the best interests of the corporation, and to take immediate possession and control of appellee corporation and its business and property and to retain counsel and make other necessary expenditures.

When Langrock demanded possession of the corporate property, it was refused by Lewis Saltz. Another meeting of the stockholders was held on August 31, 1935, at which the directors elected at the former meeting were unanimously re-elected. The defendants refused to attend this meeting. At a meeting of the directors on September 23, 1935, the former officers were re-elected and instructions were again given the president to take charge of the corporation's property. The defendants again refused to relinquish possession of the corporation's store in Washington, and this suit was thereupon instituted, seeking a decree restraining defendants from conducting or interfering with the business of appellee, and for an accounting. From a decree granting the relief prayed for this appeal was taken.

It is contended by defendants that the lower court had no jurisdiction to inquire into and determine the validity of title to the corporate offices. This contention is without merit. The objects of this suit were to enjoin the defendants from conducting the corporate business in this District, and to obtain an accounting. The case was clearly one for equitable relief, and the question as to who were the legal officers of the corporation was merely incidental to the determination of the case. While it is true, as a general proposition, that a law court is the proper forum in which to try title to corporate offices, yet, as we observed in Walker v. Johnson, 17 App.D.C. 144, 167: "It is well established that when necessary to the complete adjudication of a cause over which it has jurisdiction on independent grounds, a court of equity will inquire into and determine the validity of a corporate election as it will any other incidental

question of fact or law that may arise in the course of a suit."

It is next contended by the defendants that, if the court had jurisdiction to pass upon the title to the corporate offices, it erred in not holding defendants entitled to the offices in question. In support of this contention they urge several technical irregularities in connection with the calling and holding of the meetings of February 9, 1935, and August 31, 1935. We have carefully considered these objections and find them to be without merit. In view of the entire record, if the proceedings had been entirely regular in every respect, we think the result would not have been different.

The decree is affirmed, with costs.