MEAD ET AL. v. BURK ET AL.

[No. 19,016,    Filed May 9, 1901.]

RECEIVERS.—*Appointment.*—Pending a suit for the specific perform-
ance of a contract wherein appellants sold and agreed to convey to
appellees an electric light plant, together with real estate and build-
ings, appellees made application for the appointment of a receiver.
It was shown that appellants refused to pay over the income arising
from the plant; that, although the plant was in danger of being
destroyed by fire, appellants failed and refused to carry any insur-
ance thereon, and that they were making improvements and addi-
tions to the plant not required by the terms of the contract. *Held,*
that, under §1236 Burns 1894, the court was justified in appointing a
receiver. *pp. 577-582.*

EVIDENCE. — *Appeal.* — *Documentary Evidence.* — The rule that the
Supreme Court will not weigh the evidence applies to suits in
equity and actions where the evidence upon the trial was presented
to the lower court by means of depositions, affidavits, or other
documentary evidence. *p. 582.*

RECEIVERS.—*Appointment.*—*Evidence.*—*Discretion of Court.*—*Appeal
and Error.*—An order of court appointing a receiver will not be dis-
turbed on appeal unless it is clearly shown that there was an abuse
of discretion to the prejudice of the complaining party. *pp. 582, 583.*

From the Grant Superior Court. *Affirmed.*

*W. H. Carroll* and *G. D. Dean,* for appellants.
*G. A. Henry* and *P. H. Elliott,* for appellees.

JORDAN, J.—Appellees applied for and secured by an
interlocutory order of the lower court the appointment of a
receiver *pendente lite.* This appeal is prosecuted upon the
grounds that, under the facts, the trial court abused its dis-
cretion in awarding to appellees the right for the appoint-
ment of a receiver. By their complaint in the principal
action appellees seek to enforce a specific performance of a
written contract executed by and between them and appel-
lants on May 13, 1899, whereby the latter sold and agreed
to convey to the former a certain electric light plant together

with the real estate, buildings, machinery, equipments, etc., thereunto belonging, all situated in the city of Marion, Grant county, Indiana. The facts, in brief, appear to be as follows: By the terms of the contract for the sale of this plant appellants agreed to accept as a consideration for the sale the sum of $25,000 in money, and $23,500 in paid up capital stock of the Marion Electric Company; the money and stock were to be deposited by appellee at the Marion bank for the use and benefit of appellants within five days from the date of the contract, appellants agreeing thereunder to deliver to said bank within said period of five days, for the use and benefit of appellees, proper deeds of conveyance to them of the said plant or property. Appellees, upon their part, as it appears, complied with the terms and requirements of the contract, and deposited with the bank, within the time mentioned, both the money and stock as provided, but appellants have wholly failed and refused to execute any deed of conveyance or transfer of the property in question to appellees, as under the contract they had agreed to do. After the filing of an answer by appellants, the court heard the application for the appointment of a receiver upon the pleadings and affidavits presented *pro* and *con* by the parties, and thereupon entered an order appointing a receiver to have the possession and to take charge of the property involved in the suit pending the litigation. The verified facts presented upon the part of appellees by the complaint and affidavits go to show that appellees, as previously stated, have performed and complied upon their part with the terms of the written contract, which is in evidence, but, upon the contrary, appellants have wholly failed and refused to comply with its terms upon their part, but continue to hold the possession of the property in question, and to control and operate the same. There seems to be no dispute, so far as the evidence is concerned, in respect to the fact that appellees, within the time fixed by the contract, deposited with the bank in question for the sole use

and benefit of appellants the entire consideration to be paid
for the property, namely, $48,500, part of which, as stated,
was to be in money, and the remainder in the capital stock
mentioned. The income arising from the said electric plant
amounts to about $2,000 per month, which, as disclosed by
the affidavits, appellants refuse to pay over to appellees and
are converting the same to their own use, and that such in-
come is being wasted. It further appears that appellants
have failed and refuse to carry any insurance against fire
upon the property, and that the risk is a hazardous one, and
that said plant is in danger of being destroyed by fire, and
thereby wholly lost to appellees. It is further disclosed
that appellants are making extensions to the plant by adding
thereto machinery, and that they are making other additions
and improvements, none of which seem to be provided for or
required under the terms of the aforesaid contract. The
general charge is also made by some of the affiants that the
property is liable to be injured and damaged if it is longer
allowed to remain in the possession of appellants.

Counsel for the latter contend that the evidence as it
appears in the record is wholly insufficient to justify the
lower court in appointing a receiver, or, in other words, the
gist of their contention seems to be that because there is an
entire absence of evidence to show the insolvency of appel-
lants, or that their character or circumstances are such as
to render them wholly irresponsible, that, therefore, the
court was not warranted in wresting from them, pending
the litigation, the possession and control of the property in
dispute.

It is further insisted that inasmuch as the facts in the
case were presented wholly to the lower court by the means
of written or documentary evidence, therefore, this court on
appeal should consider itself in as good a position or atti-
tude to weigh the evidence as was the trial court.

We are not unmindful of the rule for which appellants
contend, that the appointment of a receiver is an extraor-

dinary or harsh remedy, and the right thereto, as a general rule, does not follow as a matter of course, but is lodged in the sound discretion of the trial court and is not awarded in a case where the remedy at law is complete or adequate. The exercise of this judicial discretion, however, under a well settled rule, is subject to review on appeal to a higher court.

· The principal grounds, other than fraud, as the authorities assert, which are sufficient to warrant a court in exercising its power in the appointment of a receiver, are to the effect that in each particular case it must be made to appear that the person seeking such relief has at least a probable right or interest in the property or fund involved in the litigation, and· that such property or fund, or the income thereof, is in danger of loss or injury from the neglect, misconduct, or insolvency of the defendant. As a general rule, where the property in dispute appears to be exposed to danger and loss, and· the person in possession or control thereof has not a clear legal title or right thereto, the court, on the application of a person interested therein, will interpose and appoint a receiver for the security or preservation of the property pending the litigation. High on Rec. (3rd ed.); §11; Smith on Rec.; §5.

Of course ·the court by its order appointing a receiver *pendente lite* does not thereby determine or attempt to determine any right or title of the litigants to the property in controversy, as the appointment is made for the benefit of all. The rule in ordinary practice is to appoint a receiver with the sole view of securing or preserving the property, and not to inquire into the merits of the principal action. *Bitting* v. *Ten Eyck,* 85 Ind. 357. But inasmuch as the granting of an· application for a receiver under· the facts in each case rests within the discretion of the trial court, the latter may, and properly so, if deemed necessary, take into consideration all the facts and circumstances in the case, and· may thereby be influenced in its judgment by the exist-

ence of a reasonable probability that the plaintiff applying for a receiver will ultimately succeed in his suit upon the merits of the case.   3 Pomeroy Eq. §§1331, 1336; Beach on Rec. ( Anderson's ed.), §7.

It is not essential to the appointment of a receiver, as counsel for appellants seemingly contend, that the defendant should be shown to be insolvent. The insolvency of a person in the possession or enjoyment of the use of property for which a receiver is sought, is not, as a general rule, indispensable to a successful prosecution of the application. The fact, however, of his insolvency or financial irresponsibility, under the circumstances in some cases, may be sufficient to justify the court in appointing a receiver to take charge of the property or fund in litigation.   The insolvency of a defendant in possession of property involved in litigation in any case necessarily intensifies the probability of loss to the complainant, and will serve, at least, to show that his remedy at law for any loss or injury that may be sustained would be inadequate.   The foregoing are some of the general principles which influence or govern courts of equity in the exercise of their discretionary powers in the appointment of receivers.   Some of the provisions of our civil code upon the subject of receivers give trial courts large discretionary power in applications thereunder. §1236 Burns 1894, provides that "A receiver may be appointed by the court, or the judge thereof in vacation, in the following cases: . *. *. *. Third. In all actions, when it is shown that the property, fund, or rents and profits in controversy is in danger of being lost, removed, or materially injured.   *. *. *. Seventh.   And in such other cases as may be provided by law; or where, in the discretion of the court, or the judge thereof in vacation, it may be necessary to secure ample justice to the parties." This last provision is certainly comprehensive and somewhat sweeping in its character. Under its authority a receiver may be appointed in any case in which, according

to the established rules of equity, the appointment may be necessary "to secure ample justice to the parties" without regard to the form or character of the principal action. *Hellebush* v. *Blake,* 119 Ind. 349; *Connelly* v. *Dickson,* 76 Ind. 440; *Wayne Pike Co.* v. *Hammons,* 129 Ind. 368; *Goshen, etc., Co.* v. *City Nat. Bank,* 150 Ind. 279.

There is evidence in this case to support the order of the court appointing the receiver, and when the facts are tested by the principles and rules previously mentioned, we can not hold as a matter of law that the court thereunder abused its discretion. From the action of appellants in making additions and improvements to the property in dispute, when such were not provided for under the contract of sale, it would appear, at least, inferentially, that they were not intending to yield the possession of the property to appellees except at the end of a protracted lawsuit. The probability of a fierce and long continued litigation in respect to the rights of property will sometimes justify a court in withdrawing it from the operation of such a prolonged contest by placing it for preservation or security in charge of a receiver for the benefit of all the parties concerned therein, until there can be a full and final adjudication of their rights. *Crane* v. *McCoy,* 1 Bond. (U. S.) 422.

The rule that this court will not weigh evidence on appeal finds no exception in suits in equity, nor in actions or proceedings where the evidence upon the trial or the hearing of the matter in issue is presented to the lower court by means of depositions, affidavits, or other documentary evidence. *Cabinet Makers' Union* v. *City of Indianapolis,* 145 Ind. 671. In order to justify this court in disturbing a judgment of the lower court in any case or proceeding, upon the evidence alone, the latter must be such as to raise a question of law, and not one merely of fact. *Lee* v. *State, ante,* 541, and cases there cited.

Under this rule, the order appointing a receiver will not be disturbed on appeal upon the evidence alone, unless the

appellant or complaining party clearly shows by it that thereby a matter of law in respect to the abuse of discretion on the part of the trial court is presented. As in other cases where there is evidence to sustain the order upon every essential point, it will not be reversed on appeal. *Pouder* v. *Tate,* 96 Ind. 330; *Naylor* v. *Sidener,* 106 Ind. 179.

It is settled generally by the decisions of this court that where a discretionary power is invested in a lower or inferior court, there must be a plain abuse of such power to the prejudice of the complaining party, in order to warrant the interference of this court on appeal. *Gordon* v. *Spencer,* 2 Blackf. 286; *Detro* v. *State,* 4 Ind. 200; *Heberd* v. *Myers,* 5 Ind. 94; *Carlisle* v. *Wilkinson,* 12 Ind. 91; *Cooper* v. *Johnson,* 26 Ind. 247; Ewbank's Manual, §282.

There is evidence in this case which fully supports the order of the lower court, therefore, for the reasons stated, we cannot interfere, and the order is affirmed.