LEVIN ET AL. *v.* FLORSHEIM & CO. ET AL.

[No. 20,077.   Filed November 24, 1903.]

APPEAL.—*From Interlocutory Order Appointing Receiver.*—*Sufficiency of Complaint.*— On appeal from an interlocutory order appointing a receiver, the sufficiency of the complaint in the principal action and the plaintiff's right to an ultimate recovery can not be considered.  *p. 462.*

RECEIVERS.—*Appointment.*—*Sale of Stock of Goods by Insolvent Merchant.*—Where it is shown that an insolvent retail merchant sold his stock of goods in bulk for about one-third their value to a non-resident who is retailing the same at prices below cost, and is about to remove the remainder beyond the jurisdiction of the court, and numerous creditors are proceeding to enforce their claims, the court is justified in appointing a receiver to take charge of the goods.  *p. 464.*

From Vigo Circuit Court; *J. E. Piety*, Judge.

Action by Florsheim & Company against Barnard Levin and others.   From an interlocutory order appointing a receiver, defendants appeal.  *Affirmed.*

*S. B. Davis, S. M. Reynolds, G. M. Davis* and *Frank Lindley*, for appellants. .

*D. W. Henry, G. M. Crane, A. L. Miller, D. V. Miller, R. R. Harrold, A. M. Higgins* and *A. G. Cavins*, for appellees.

JORDAN, J.—This is an appeal by the appellants from an interlocutory order of the lower court appointing a receiver *pendente lite*. The principal action was instituted on January 5, 1903, by the plaintiff Florsheim & Co., a corporation duly organized under the laws of the state of Illinois. Appellants Barnard, Henry, and Max Levin, partners, doing business under the firm name of B. & H. Levin Brothers, together with Peter J. Kaufman, Rachel Goldenberg and Aaron Goldenberg, her husband, were made defendants in the action.

The complaint is in three paragraphs. The third was filed during the hearing of the application for a receiver. The first paragraph seeks to recover against the defendants, Kaufman and Goldenbergs, upon a common count for goods and merchandise sold and delivered to the amount of $2,750. The second and third paragraphs of the complaint are similar, and the following, among others, are, in substance, the facts therein averred: Prior to December 31, 1902, Rachel Goldenberg was the owner of a large stock of goods and merchandise consisting of boots and shoes, etc., situate in a store in the city of Terre Haute, Indiana, and was therein engaged in selling said stock at retail. In August, 1902, the plaintiff, Florsheim & Co., sold to Peter J. Kaufman goods and merchandise to the amount of $2,683.05, which sum is alleged to be due and unpaid, and the payment thereof has been unreasonably delayed. Kaufman, when he purchased the goods in question, represented to the plaintiff that he was buying the same for himself, and on his own account, but in truth and in fact in said transaction he was the agent of his codefendant Rachel Goldenberg. She received the goods purchased by Kaufman, and placed them in her said store in Terre Haute, and they became a part of the stock therein. On December 31, 1902, said Rachel Goldenberg sold in bulk to the appellants herein her said entire stock, including the goods sold to her by plaintiff.

Neither she nor appellants at any time previous to said sale, made any inventory of the stock so sold and purchased in bulk, showing the quality and cost price of any of the articles thereof. Appellants, as such purchasers, did not at or prior to the said sale make any inquiry of the owner of the stock in regard to the names and places of business of any of the creditors to whom said Rachel the owner and seller of the stock was indebted for portions thereof, nor as to any amount whatever which was owing by her as an indebtedness for a part of the stock so sold and purchased. Appellants at the time they bought the stock did not, in any manner, notify the plaintiff or any of the creditors of said Rachel Goldenberg to whom the latter was indebted for a part of the stock of goods sold in regard to the proposed sale and purchase. It is further disclosed that at the time appellants purchased the stock in dispute they knew that the seller was indebted to the plaintiff, and also to a large number of other persons for the greater portion of the stock of goods embraced in the said sale. The defendants, Goldenbergs, at the time they sold the goods to appellants, were each insolvent, and so continued to be at the time the action was commenced. It is further charged that Kaufman was insolvent, and was secretly disposing of his property for the purpose of putting the same beyond the reach of his creditors; that a large number of persons other than the plaintiff, to whom said Rachel Goldenberg was indebted for goods constituting a portion of the stock in controversy, and whose rights were similar to those which the plaintiff was asserting and claiming, were threatening to institute suits to establish their claims and liens against said stock of goods. Appellants are nonresidents of the State of Indiana, being residents of the state of Illinois, and it is charged they are in possession of the goods in question, and are selling them at prices lower than the cost of manufacturing the same, and are disposing of said stock as rapidly as possible, in order and for the

purpose of placing the goods beyond the reach of plaintiff and other creditors, and are threatening to transfer and remove the goods beyond the jurisdiction of the court before the plaintiff can have its claim and rights determined in the action. It is alleged that the stock is of the value of $15,000 and that appellants obtained the same for the price of $5,000. It is finally charged that the interest and rights of plaintiff and of all other persons, creditors and parties concerned in said stock, will be best subserved by the appointment of a receiver to take charge thereof until the final hearing, and hold and preserve said property for the use and benefit of such persons as may be found by the court to have a proper interest and right therein and claim thereto, etc. The prayer of the second and third paragraphs of the complaint is for a personal judgment against defendants, Peter J. Kaufman and Rachel Goldenberg, for $2,750 with interest, and that the sale of the goods to the defendants, Levin and Levin, be declared and adjudged null and void as against plaintiff's claim, and that the same be declared to be a lien on the said stock, and that a receiver be appointed to take charge thereof to hold and preserve the goods until the final determination of the suit, and for all other and proper relief. The second and third paragraphs are each verified. Appellants appeared to the action, and filed an answer to so much of the complaint as sought to secure the appointment of a receiver. A hearing was had on the application.

Plaintiff, in support of its application for a receiver, introduced in evidence each of the paragraphs of its complaint, and also numerous affidavits. Appellants, in opposition thereto, introduced in evidence various affidavits. All of the documents so introduced have been brought before us by a bill of exceptions. The court, after hearing and considering the evidence, sustained the motion, and entered an order appointing Josiah F. Walker, and fixed his bond at $25,000. He filed his bond to the approval

of the court, and otherwise duly qualified, and was thereupon directed by the court to take charge of the goods in controversy, and to hold and preserve the same until the final determination of the principal action. After the appointment of the receiver, the court, upon its own motion, ordered that some ten other suits be consolidated, tried, and determined along with the plaintiff's action. These suits were instituted by various persons against the same defendants, and were pending at the time in the Vigo Circuit Court, and the claim of each plaintiff therein was similar to that of Florsheim & Co., and the same relief was demanded. The plaintiffs in these suits are all made appellees in this appeal. After the court had consolidated the suits in question, it heard and considered the application in each for the appointment of a receiver, and ordered that said Walker be appointed, and he was directed to act accordingly in each case.

The alleged errors discussed by counsel for the appellants are to the effect that the court was not justified in appointing a receiver, and it is insisted that the interlocutory order must in all things be reversed. It is asserted by appellants' counsel that the second and third paragraphs of the complaint in the action each proceeds upon the theory that the sale of the goods in bulk by Rachel Goldenberg to appellants ought to be set aside, because such sale was made in violation of §6637a Burns 1901, and therefore is to be deemed fraudulent and void. It is further contended that, in the absence of this statute, no such actual fraud, under the facts, is disclosed as will warrant a court of equity in setting aside the sale in controversy, and thereby disturb appellants' title to the property. It is insisted that the statute is unconstitutional and void for various reasons, and therefore can not avail appellee in its application for the appointment of a receiver.

The act in question was passed by the legislature on March 11, 1901 (Acts 1901, p. 505). It is provided

therein that "a sale of an entire stock of merchandise in bulk, will be fraudulent and void * * * unless the seller and purchaser shall, at least five days before the sale, make a full and detailed inventory showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the seller of each article included in the sale," etc. This law was expressly repealed by an act entitled "An act to prevent the fraudulent sale of merchandise," etc., approved March 9, 1903 (Acts 1903, p. 276).

Counsel for appellee insist that the validity of the act of 1901 is prematurely raised in this appeal, and they contend that if appellants desire to challenge its validity they must do so in the principal suit, as it is not involved in the interlocutory order appointing the receiver. We recognize the rule for which counsel for appellee contend, which affirms that the sufficiency of the complaint in the principal action to constitute a cause of action and the plaintiff's right, under the facts in the case, to an ultimate recovery, are not questions which can be properly raised or considered in an appeal from an order appointing a receiver *pendente lite. Gray v. Oughton,* 146 Ind. 285, and cases cited; *Goshen Woolen Mills Co.* v. *City Nat. Bank,* 150 Ind. 279; *Supreme Sitting, etc.,* v. *Baker,* 134 Ind. 293, 20 L. R. A. 210; *Mead v. Burk,* 156 Ind. 577; *Sheridan Brick Works* v. *Marion Trust Co.,* 157 Ind. 292, 87 Am. St. 207; *Chicago, etc., R. Co.* v. *Kenney,* 159 Ind. 72, 78; Woollen, Spec. Proc., §2280, and cases cited in note 41.

If it could be held that the validity of the statute in dispute was involved in this appeal—a question which we do not decide—it is not necessary that we consider or pass upon the validity thereof in order to determine whether the lower court was warranted in appointing a receiver, for, aside from the statute in question, we are of the opinion that the evidence fully justifies the action of the court in

the premises.   By §1236 Burns 1901, it is declared that "A receiver may be appointed by the court, or the judge thereof in vacation in the following cases:    *   *   * Third.   In all actions, when it is shown that the property, fund, or rents and profits in controversy is in danger of being lost, removed or materially injured.    *    *    * Seventh.   And in such other cases    *    *    * where, in the discretion of the court, or judge thereof in vacation, it may be necessary to secure ample justice to the parties."

In *Mead* v. *Burk, supra,* we said: "The court by its order appointing a receiver *pendente lite* does not thereby determine or attempt to determine any right or title of the litigants to the property in controversy, as the appointment is made for the benefit of all.   The rule in ordinary practice is to appoint a receiver with the sole view of securing or preserving the property, and not to inquire into the merits of the principal action.   [Citing authority.]   But inasmuch as the granting of an application for a receiver under the facts in each case rests within the discretion of the trial court, the latter may, and properly so, if deemed necessary, take into consideration all the facts and circumstances in the case, and may thereby be influenced in its judgment by the existence of a reasonable probability that the plaintiff applying for a receiver will ultimately succeed in his suit upon the merits of the case."   Citing authorities.   In the same appeal in construing clause 7, §1236 Burns 1901, we further said: "Under its authority a receiver may be appointed in any case in which, according to the established rules of equity the appointment may be necessary 'to secure ample justice to the parties' without regard to the form or character of the principal action."

The case at bar, under the facts therein, is so thoroughly ruled by the decisions in the appeals of *Mead* v. *Burk* and *Sheridan Brick Works* v. *Marion Trust Co., supra,* and the authorities cited therein, that nothing further in addition thereto need be said in regard to the law governing the

lower court in this case in the appointment of the receiver.

There was evidence introduced in behalf of the plaintiff which may be said to establish, among others, the following facts: (1) That plaintiff had at least a probable right or interest in and to the property for which it sought to have a receiver appointed (*Sheridan Brick Works* v. *Marion Trust Co., supra,* p. 298); (2) that appellants purchased the stock of goods for about one-third of their actual value; (3) that they were nonresidents of the State of Indiana, and were selling the goods in controversy, and were about to remove them from the city of Terre Haute to a place beyond the jurisdiction of the court; (4) that numerous persons seeking to enforce liens against the stock of goods in controversy had commenced suits in the Vigo Circuit Court for that purpose; (5) that Kaufman and Rachel Goldenberg and her husband are each wholly insolvent. In our opinion, under all of the facts and circumstances in this case, there is nothing to show that the lower court, in appointing the receiver to take charge of the property in dispute, and preserve it until the determination of the principal action, abused the sound discretionary power with which it is invested in such matters.

We find no available error presented upon any of the rulings of the lower court, and the order appointing the receiver is therefore in all things affirmed.