## SOUTHERN RAILWAY COMPANY *v.* SITTASEN.

[No. 20,674. Filed March 6, 1906.]

1. NEW TRIAL.—*Grounds.*—*Change of Venue.*—*Appeal and Error.*—Error in the court's ruling on a motion for a change of venue must be included in the motion for a new trial, and can not be assigned independently on appeal. p. 260.

2. APPEAL AND ERROR.—*Removal of Causes.—New Trial.—Independent Assignment.*—Error in refusing to remove a cause to the federal court cannot be assigned independently on appeal, but must be included in the motion for a new trial. p. 260.

3. PLEADING. — *Complaint.* — *Master and Servant.—Railroads.— Negligence.*—A complaint by an engineer against his railroad company showing that certain defects existed in the track at a certain place, which defects were known by defendant, but unknown to plaintiff, and alleging that as plaintiff's engine "approached" such place such engine jumped the track and, after running 500 feet, fell over, injuring plaintiff, is bad for failure to show that the defects alleged caused the engine to leave the track. p. 260.

4. NEGLIGENCE.—*Proximate Cause.—Damages.*—Only such damages as are proximately caused by defendant's negligence are recoverable. p. 266.

From Crawford Circuit Court; *C. W. Cook,* Judge.

Action by Claude A. Sittasen against the Southern Railway Company and others. From a judgment on a verdict for plaintiff for $10,000 against said company, it appeals from the Appellate Court under subd. 3, §1337j Burns 1901, Acts 1901, p. 565, §10. *Reversed.*

*M. W. Fields, A. P. Humphreys, John D. Wellman* and *Jerry L. Suddarth,* for appellant.

*W. E. Cox, R. W. Armstrong* and *Elliott, Elliott & Littleton,* for appellee.

HADLEY, J.—Action by appellee to recover damages for personal injuries. He was an engineer and was injured while in the employ of the appellant, by a locomotive, which he was operating, leaving the track and turning over by reason of an alleged defective railroad. The action was brought in the Dubois Circuit Court against appellant, its lessor, the Southern Railway Company of Indiana, Cyrus Winkler and Alonzo Jeffers. The latter two were section foremen charged with the duty of keeping the railroad at the place of the accident in good repair.

The complaint is in two paragraphs, each alleging that the Southern Railway Company of Indiana owned the

track and right of way, and leased it to the appellant, which latter company was operating a railroad over it. Each paragraph counts upon negligence of appellant and the section men in allowing the track to become and remain out of repair. Before ruled to answer, appellant filed its petition and bond, praying for a removal of the cause, as to it, to the circuit court of the United States, on the ground of diverse citizenship and separable controversy. The court approved the bond, but overruled the petition, and appellant excepted. Each of the defendants demurred separately to each paragraph of the complaint, which were sustained as to the two section men and overruled as to the corporation defendants. Both the latter answered by a general denial. The venue was changed to the Crawford Circuit Court, where the cause was tried by a jury, and a verdict and judgment rendered, over a motion for a new trial, for the appellee. At the close of appellee's evidence, appellant again filed its petition and bond, praying the removal of the cause to the United States Circuit Court. The petition was overruled. The grounds alleged for removal were that a separable controversy existed, and appellee had fraudulently joined the Indiana company as defendant for the purpose of preventing a removal, and had neither alleged, nor attempted to prove, any liability on the part of the Indiana company. The court having sustained the demurrers of the section men to the complaint, they dropped out of the case. The court directed a verdict for the Indiana company, and the same was accordingly returned.

Appellant relies upon the alleged errors of the Dubois Circuit Court in overruling the petition to remove and in overruling the demurrers to the complaint and upon alleged errors of the Crawford Circuit Court in overruling the second petition to remove to the United States Circuit Court, and in overruling his motion for a new trial.

Appellant did not state the denial of either of his petitions for removal to the federal court as a cause for a new trial, but assigns such refusals in this court as an independent error. This, appellee insists, effects a waiver of the question.

A petition to remove a cause from a state court to a federal court, and a motion and affidavit for a change of venue, are the same in principle, in that they are alike the

1. prescribed means of transferring the cause from one court to another for trial. They are both collateral and foreign to the merits of the cause. When entitled, a denial in either case is reversible error, and we see no reason why the trial judge should not have the same opportunity to review his decision and correct an error, before final judgment or appeal, in the one case as in the other. It has often been decided by this court that error predicated upon the denial of a change of venue must be assigned as a reason for a new trial, or it will be considered as waived. *Goodrich* v. *Stangland* (1900), 155 Ind. 279; *Wilson* v. *Johnson* (1896), 145 Ind. 40; *Scanlin* v. *Stewart* (1894), 138 Ind. 574; *Mannix* v. *State, ex rel.* (1888), 115 Ind. 245; *Berlin* v. *Oglesbee* (1879), 65 Ind. 308, 311; *Wiley* v. *Barclay* (1877), 58 Ind. 577.

We think the denial of a petition to remove to a federal court in cases where there has been a trial in the state court should be governed by the same rule, and we hold,

2. therefore, that no question is presented in this case by the independent assignment thereon.

So far as the first paragraph of the complaint relates to the subject of appellant's negligence, it in substance alleges:

3. That wholly on account of the carelessness or negligence of said defendants, as herein averred, said engine and train in said Dubois county jumped from and off said way and track, and thereby produced the injuries herein complained of; that said injuries so sustained by plaintiff were suffered by reason of defective way,

track and machinery in this: That the place along and on said track where said injury occurred was at a place where there was a fill about 40 feet high and 600 feet long between two high hills and over and across a deep ravine; that said fill was first made and built during the spring and summer of 1899, and prior to the making of said fill there was and had been a long wooden trestle, which trestle covered the entire distance of said fill; that said ravine was filled with dirt, rock and other debris, said dirt and debris being filled in and around said trestle, and said trestle and all timber therein being left standing, making and forming a part of the material used in said fill; that said material used in said fill was placed therein in a loose manner, said dirt and debris not being tamped, packed or pressed together at the time said fill was being made, and on account of the loose manner in which said fill was made said fill thereafter continued to pack, settle and recede, thereby leaving large holes and openings in said track at said place, weakening the force and strength of the same; that said track was defective in its construction in this: That at the place where plaintiff received his injuries said track was constructed with a large curve therein to the south, forming a semicircle, and said large curve or semicircle had in it a large number of short, double or reverse curves, which said short, double and reverse curves were so short and the angles thereof so great that large locomotives passing over said track at said place could not adjust themselves to said short, double and reverse curves, but at all times, on account of said defect, said engines were liable to jump from and off of said way at said place, and endanger the lives of the employes of said company; that said track at said place was defective on account of the fact that the same was overlaid with old, rotten and defective cross-ties, which ties, on account of their rotten and defective condition, would not hold spikes driven therein, but that said spikes, on account of the rotten and

defective condition of said ties, would draw out and thereby cause said track at said place to spread apart, thereby derailing engines and trains, to the danger of the lives of said lessee's employes; that to render said track safe and secure, and to prevent the same from being dangerous to said employes, it was necessary to have said track at said place overlaid with sound and solid cross-ties, with heavy iron or steel rails placed thereon and firmly and securely fastened to said ties with spikes driven into the same, so as firmly and securely to fasten the same, and to prevent said rails from spreading apart when the weight of engines and trains passed over the same; that said lessee company entrusted the repairing and keeping of said track and way in a safe and secure condition and free from all dangerous defects therein to said Winkler and Jeffers, as section foremen, but notwithstanding the fact that it devolved upon said Winkler and Jeffers, as well as said lessor and lessee companies, to repair said defective track and to see that the same was safe, said defendants wholly failed and neglected to repair the same and put said track in a reasonably safe and secure condition; that said track was defective in said place by reason of the fact that it had in it what is called in railroading a "low joint;" that as said engine passed over and upon said low joint the wheels of said engine were thereby suddenly and abruptly precipitated downwards for a distance of three inches, causing said engine to lurch forward and sidewise, and to rock and careen from side to side; that the engine used by said lessee company on said date was defective in this: That said engine was too large, heavy and unwieldy—weighing 110 tons, and being 40 feet long and 15 feet high—and owing to its great height, weight and length, said engine while in motion would not run solid and firm, but would rock from side to side, and, while thus rocking and lurching from side to side, great weight and pressure would thus be placed suddenly and unevenly upon said track, and if said track

was not solid, firm and secure the rails would spread apart and suffer engines and trains of cars to become derailed; that each and all of said defendants on the day plaintiff received his said injuries, and for a long time prior thereto, had known that said track was defective, dangerous and unsafe for its employes to run an engine and train of cars over and upon, but, notwithstanding said knowledge on their part, said defendants negligently failed to repair the same, and thereafter negligently continued to use and operate said defective track in running engines and trains over and upon it.

Plaintiff says that on March 17 last he was ordered by his employer to run an engine with a train of cars thereto attached from New Albany to Princeton, over and upon said track, as herein described; that while proceeding on his way, without any knowledge on his part of any defects existing in said way and track, and without any knowledge that said engine was too large, heavy and long to be run and operated with reasonable safety over and upon said track, and at all times believing and relying upon the fact that said track was reasonably safe and secure, and that said engine was safe to operate over and upon said way, as the same approached the place of said defective way and track, by reason of said defective way and track, as well as by the use of said defective engine, it jumped therefrom, and after jumping from and off of said rails said engine ran on and along said track for a distance of 500 feet, and fell over and upon its side, whereby he was injured, etc.

In the application of settled rules of pleading we do not see how the complaint can be sustained for want of a showing that the plaintiff's injuries were the direct and proximate result of some one or all of the defects described.

There is no complaint made in either paragraph of the condition of any part of the railroad track between New Albany and Princeton, or of the unsuitableness of the par-

ticular locomotive to the use of any part of the track, except as it crossed a certain valley in Dubois county on a fill alleged to be 40 feet high and 600 feet long. We must therefore assume that the track, except the 600 feet particularly described, was in good condition and fit for the engine the plaintiff was operating upon it.

It will be observed that the first paragraph of the complaint, down to the last page, contains not a single direct averment of negligence, and is composed wholly of recitals, or of matter in inducement, as introductory and explanatory of how the accident happened. On the first page we are informed that "wholly on account of the carelessness and negligence of said defendants, as herein charged, said locomotive and train, in said Dubois county, jumped from and off of said way and track, and thereby produced the injuries herein complained of." It is proper at this point to note three things: (1) That the plaintiff's injuries were caused by the locomotive's jumping off the track; (2) a want of averment as to what caused the locomotive to leave the track; and (3) the negligence relied upon is to be "herein [after] stated." Then follows an elaborate and minute description of five distinct specifications of defect in the condition of a particularly described and located part of the railroad and track "at a place where there was a fill about 40 feet high and 600 feet long." The five faults set forth as constituting the general defective conditions of said 600 feet of track are: (a) The settling and receding of the earth from the filling up of the old trestle; (b) the semicircle of the 600 feet and the large number of short reverse curves therein, rendering a large locomotive liable to jump off the track; (c) the ties were rotten; (d) there was a "low joint" in it; (e) the locomotive was too large, heavy and unwieldy. It is then alleged that all the defendants knew of the defects enumerated above for a long time prior to the plaintiff's accident, and negligently failed to repair, and continued the use of said defective track. Up to this point

all the averments relate to the track as it existed on the fill 40 feet high and 600 feet long, and the large, unwieldy locomotive; and the sum total of the negligence charged is the permitting of said portion of the track to get out of repair, and, with knowledge, neglecting to mend and continuing the use of the same.

It remains to be seen from the averments of the complaint if these defects, or any of them, thus suffered to exist in the particular portion of the railroad, were in any way connected with the plaintiff's accident. If not, no cause of action is shown. Having fully described said fill, and the condition of the track thereon, the knowledge of appellant and want of knowledge of appellee, the complaint proceeds: "Plaintiff says that by reason of said defective way and track, as well as by the use of said defective locomotive, as the same approached the place of said defective way and track, it jumped therefrom, and after jumping from and off said way and track said locomotive ran on and along said track for a distance of 500 feet, and fell down and over upon its side," whereby he was injured, etc.

It was as the engine approached the place where the defects existed, and not after it had entered upon it, that it left the track. As before stated, there is no claim that any part of the way or track outside said fill was in an improper condition, and the complaint in its analysis comes to this: The plaintiff's injuries were produced by the locomotive's "jumping from and off said way and track" at a point where the track was in a proper condition, and before it had reached the place where the track was defective. How, then, does it appear that the settling of the earth, the reverse curves, the rotten ties, the "low joint," the unwieldly locomotive, within the limits of the fill, or all of them combined, had anything to do with the plaintiff's accident? It is alleged that after the engine "jumped off the way and track" it ran along the track for 500 feet, and then fell on its side and injured the plaintiff. But it is not even

shown that it had passed within the bounds of the defective way and track before it fell over; neither is it in any way shown that the derailed engine would not have produced the same injuries in the same way if that part of the track and way complained of had been in good condition; nor is it shown that the injuries would have occurred if the locomotive had not become derailed before it reached the defective track.

It is an established rule of law in cases of this kind that recoverable damages are confined to those which flow from injuries that are traceable directly to the negligence charged against the defendant, as the immediate and proximate cause. "The breach of duty, upon which an action is brought, must be not only the cause, but the proximate cause, of the damage to the plaintiff. * * * The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new independent cause, produces the event, and without which that event would not have occurred." Shearman & Redfield, Negligence (5th ed.), §26.

Here it is clear from the complaint that the derailing of the locomotive was the first, immediate, and originating cause of plaintiff's injuries, affirmed so to be by the plaintiff himself, and it does not appear how the derailing of the locomotive came about, or that it was in any way due to the defendants' negligence. We are, for these reasons unable to sustain the first paragraph of the complaint. For cases illustrative of the principles announced, see: *City of Logansport* v. *Kihm* (1902), 159 Ind. 68; *Baltimore, etc., R. Co.* v. *Young* (1896), 146 Ind. 374; *Evansville, etc., R. Co.* v. *Krapf* (1896), 143 Ind. 647; *Pittsburgh, etc., R. Co.* v. *Conn* (1885), 104 Ind. 64; *Pennsylvania Co.* v. *Gallentine* (1881), 77 Ind. 322; *Pennsylvania Co.* v. *Hensil* (1880), 70 Ind. 569, 36 Am. Rep. 188; *P. H. & F. M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132.

The second paragraph of complaint is bad for the same reasons. Its averments are substantially a repetition of the first. In the prefatory part of the paragraph it is alleged that "wholly on account of the carelessness and negligence of said defendants, as averred herein, said locomotive and train, while on said lessee's track and way, in said Dubois county, jumped from and off of said track, and thereby produced and caused the injuries complained of." Then after describing the defective condition of the particular fill, as set forth in the first paragraph,. the paragraph proceeds "on said March 17, while proceeding on his way as directed by the defendants, and while proceeding with due care and caution on his part, and as said locomotive approached said fill, or embankment, the same, on account of all the defects as herein charged, jumped from and off of said track and way" producing his injuries complained of. For the reasons given in the ruling on the first paragraph, we hold the second paragraph also insufficient.

Numerous other questions are presented, which are not likely to arise in another trial, and are for that reason left unconsidered.

Judgment of the Crawford Circuit Court reversed, and cause remanded, with instruction to sustain the demurrer to each paragraph of the complaint.

Montgomery, J., concurs in the result.