HAWLEY ET AL. *v.* HUNTINGTON COUNTY STATE BANK ET AL.

[No. 25,322.   Filed March 27, 1929.   Rehearing denied November 19, 1929.]

*John A. Kersey, William H. Eichhorn, Frank W. Gordon* and *John H. Edris,* for appellants.

*Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,* for appellees.

MARTIN, C. J.—The appellants, as administrators of the estate of Wesley W. Hawley, deceased, brought this action, October 30, 1926, against the Huntington County State Bank (and against three other banks of Huntington and Charles McGrew, who were, under a trust agreement, liquidating the assets of the principal defendant) for $45,000 as money had and received, alleging that they were creditors and stockholders, and alleging that the Huntington County State Bank was insolvent at all times after May 13, 1926, and praying for the appointment of a receiver because of such insolvency.

Appellants' decedent paid $45,000 on January 20, 1926, to the Huntington County State Bank, of which he was a stockholder, director and vice-president. Other officers of the bank (Ayres and Boos) also paid to the bank certain sums, the total being $135,000. This was after a state bank examiner had discovered (in December, 1925) in the bank, carried on the books as cash items, checks of a rubber manufacturing company in large amounts, but which were of a small or uncertain value, and had required appellants' decedent, with six other officers and stockholders to provide a bond in the sum of $125,000 and remove the bad checks. On May 13, 1926, the bank

ceased its banking business and assigned its assets to the three Huntington banks above named, which proceeded to pay off the depositors, and, through a trustee (McGrew), to liquidate its assets.

After a trial, the court, on November 11, 1926, denied appellants' prayer for the appointment of a receiver. From this action, the administrators appealed, assigning five errors which properly raise the single question, Did the court, under the evidence submitted, err in refusing to appoint a receiver?

There is sufficient evidence in the record to sustain the judgment of the court in refusing to appoint a receiver. There was evidence that the bank was solvent at the time the suit was brought, and there was no evidence introduced to indicate that the $45,000 paid by Wesley W. Hawley was evidenced by any written instrument, nor is there anything in the record, except indirectly and by reference, to show such payments at all. The application for a receiver is addressed to the sound legal discretion of the court, *Rapp* v. *Reehling* (1889), 122 Ind. 255, 23 N. E. 87, and a plaintiff seeking the appointment of a receiver must show that there is a reasonable probability that he will recover in the action. *Mead* v. *Burk* (1901), 156 Ind. 577, 60 N. E. 338.

It is clear from the record that certain witnesses testifying that the bank was solvent premised such testimony on the proposition that the $135,000 furnished by Hawley, Ayres and Boos to the bank did not result in any liability for repayment by the bank. The appellants contend that such payments were loans and not donations, and that, being obligations of the bank, they bring the total liabilities to a figure which exceeds the amount of the assets, and that, therefore, the evidence shows that the bank, at the time their suit was brought, was insolvent. The purpose of the bank's officers in making the payments was undoubtedly to

make it solvent, and such payments could as well be donations as loans—indeed it has been held that, in such a case, the bank becomes the absolute and unconditional owner of the amounts paid to it without any liability to repay. *Wright* v. *Gurley* (1913), 133 La. 746, 63 So. 310; *Interstate Trust & Banking Company* v. *Irwin* (1915), 138 La. 326, 70 So. 313. In the absence of any evidence on the subject, we cannot assume, nor could the trial court assume, that the payment was a loan.

It appearing to the court that, since this appeal has been taken, appellants Frank W. and Edith M. Hawley have ceased to be the administrators of the estate of Wesley W. Hawley, deceased, and that Florelle Hawley is now administratrix of said estate, the said Florelle Hawley, as such administratrix, is substituted as the appellant herein.

Judgment affirmed.