VALHALLA MEMORIAL PARK COMPANY *v.* LOWERY.

[No. 26,439. Filed January 15, 1936.]

*Theodore J. Louden* and *Robert G. Miller,* for appellant.

*Regester & Regester,* for appellee.

HUGHES, J.—The appellee filed a complaint in the Monroe Circuit Court alleging that the appellant was a corporation organized under the laws of the State of Indiana, on the 9th day of March, 1926, and that its place of business and office is located in the city of Bloomington; that on June 1, 1931, the appellee recovered a judgment against the appellant in the Greene Circuit Court in the sum of $995.40; that a transcript of said judgment was filed and recorded in the clerk's office of Monroe county; that more than one year elapsed since the rendition of said judgment, and execution has not been stayed by appeal or supersedeas, and that said judgment is a valid and subsisting judgment.

The appellee asked that the franchise of appellant be forfeited, and a receiver be appointed to reduce the assets of such corporation to possession, pay the judgment of appellee and other debts of said corporation.

The court found for the appellee, and appointed one Joseph H. Campbell receiver, and forfeited the franchise of said corporation.

In the errors relied upon for reversal, the appellant contends that the court erred in sustaining appellee's motion to strike out appellant's plea in abatement; in overruling appellant's motion to make the complaint more specific; in overruling appellant's motion to strike out parts of appellee's complaint; and in overruling appellant's demurrer to the complaint. Other reasons are also assigned, all of which are reasons for a new trial, and are not properly assignments of error.

The appellant also assigns the overruling of the motion for a new trial. Under this assignment it is alleged that the decision of the court is not sustained by sufficient evidence, and is contrary to law; that the court erred in appointing a receiver of the corporation, and in forfeiting the charter of the corporation.

Appellee's cause of action is predicated upon section 4950, Burns Ann. St. 1926, which is as follows:

"Whenever any judgment against any corporation other than banking shall have remained unpaid for the space of one year after rendition thereof, and execution thereon is not stayed by appeal or supersedeas, the circuit court of the proper county shall have power to declare the franchise of such corporation forfeited, and appoint a receiver, who shall give bond, and reduce the assets of such corporation to possession and pay the debts thereof, under the same rules prescribed for the government of administrators."

Section 4950, *supra,* is section 16 of an act approved June 15, 1852, and it is the contention of appellant that this act was repealed by an act of 1929, Acts 1929, chapter 215, p. 725, and known as the "Indiana General Corporation Act." If it were not for section 74, being the saving clause, we would agree with the contention of the appellant; but, when this is considered, we think

the appellee has a cause of action under section 4950, *supra*. Section 74 (p. 797) is as follows:

"Saving Clauses. No rights, privileges, or immunities, vested or accrued by or under any law or laws hereby repealed shall be impaired or eliminated by reason of such repeal, nor shall such repeal affect any suits pending, rights of action conferred, or duties, restrictions, liabilities or penalties imposed or required by or under any such law or laws upon or of any corporation created under or subject to such law or laws before this act shall become effective until such corporation shall reorganize under this act as provided in article 8, section 46, hereof; it being understood that with respect to any corporation formed before this act takes effect, the rights, power or duties given or imposed by any act hereby repealed, may be exercised or enforced in the future as though such repeal had not been enacted, whether or not such right, power or duty has heretofore been exercised or imposed upon such corporation.

"Nothing in this act contained shall be taken or held to authorize the formation of any trust or monopoly or combination in restraint of trade prohibited by law, or any act repugnant to law, or to limit, restrict or affect the rights of the state."

The demurrer was properly overruled.

Neither do we think any error was committed in striking out what appellant denominated a plea in abatement. Nor was there any error in refusing to overrule the appellant's motion to strike out parts of appellee's complaint and to make the same more specific.

The appellant filed five paragraphs of answer; the first being a general denial; the second, a plea of payment; the third alleging that the judgment referred to in appellee's complaint was a judgment in an alleged foreclosure of a lien on the property, being a cemetery, of appellant, and appellee was not entitled to a judgment; the fourth paragraph of answer alleged that prior to the bringing of the action, the appellant and appellee by mutual agreement had compromised and

settled all matters stated in the complaint; and the fifth paragraph of answer alleged that under the judgment obtained in Greene county, the property of appellant was sold under execution, and the appellant has no assets or property of any kind or character other than whatever interest it may have in the property sold on execution, and that the plaintiff (appellee) is not entitled to the appointment of a receiver.

The appellee filed a general denial to the second, third, fourth, and fifth paragraphs of answer.

The evidence, as disclosed by the bill of exceptions, is very brief. It shows the articles of incorporation of the Valhalla Memorial Park Company. The purpose of the incorporation was to purchase and hold suitable grounds for the burial of the dead, and the amount of the capital stock was ten thousand dollars, consisting of one hundred shares at one hundred dollars each. A transcript of the proceedings and judgment rendered in the Greene Circuit Court was introduced in evidence, and evidence was given that the judgment had never been paid, and also that the execution on the judgment has never been stayed by appeal or supersedeas.

The appellant contends that the court erred in appointing a receiver, and in forfeiting the franchise of appellant. Section 4950, *supra,* specifically provides that, where a judgment against any corporation other than banking, shall have remained unpaid for the space of one year after the rendition thereof, and execution is not stayed by appeal or supersedeas, the circuit court of the proper county shall have power to declare the franchise of such corporation forfeited, and appoint a receiver to reduce the assets of the corporation to possession, and pay the debts thereof. Whether or not there were any assets was a question of fact which was made an issue by the pleadings. If there were no assets then, as contended for by the ap-

pellant, it would have been a useless thing to have a receiver appointed. The evidence shows that there was $10,000 capital stock. Whether or not there were any unpaid stock subscriptions is not clear. But, if there were, a receiver who represents all the creditors would have the right, and it would be his duty, to sue on account of unpaid stock subscriptions. The capital stock of a corporation is a trust fund for the benefit of creditors as well as a fund for the transaction of corporate business. *Marion Trust Co., Receiver* v. *Blish* (1908), 170 Ind. 686, 84 N. E. 814, 85 N. E. 344.

It is generally held that the appointment of a receiver lies in the sound discretion of the court in view of all the circumstances, and the application for the appointment is addressed to the sound legal discretion of the court. *Hawley* v. *Huntington County State Bank* (1929), 201 Ind. 390, 165 N. E. 546; *Durbin* v. *Northwestern Scraper Co.* (1905), 36 Ind. App. 123, 73 N. E. 297. In the instant case the power to appoint under certain circumstances is specifically provided for by statute, and we think the court did not abuse its power in making the appointment and in forfeiting the franchise of appellant.

There was sufficient evidence to support the decision, and it is not contrary to law.

Judgment affirmed.