## COLE *v.* BASSETT'S ESTATE ET AL.

[No. 16,921.   Filed March 24, 1942.]

*George W. Miles,* of Madison, for appellant.

*Cooper & Cooper* and *Arthur D. Cutler,* all of Madison, and *Joseph W. Verbarg,* of North Vernon, for appellees.

CURTIS, J.—This action in the trial court was upon a claim filed by Solomon L. Bassett, as administrator of the estate of Hester Ann Bassett, deceased, against the estate of Adrian Whitham, deceased, of which latter estate Marvin Cole was the administrator. The action was filed in Jefferson County where both estates are pending, and was later taken on a change of venue to Jennings County where it was tried by jury. The jury returned a verdict for the appellee (claimant) for $3,000.00, and a judgment was rendered on said verdict for that amount. This appeal was filed originally in the Supreme Court of this State, but was by that court transferred to the Appellate Court under the statute, the said original appeal having been taken to the wrong court. An error as to the amount of the verdict and judgment was originally made in the transcript showing the same to have been $2,000.00. While the case was pending in the Supreme Court, the record was corrected by a writ of certiorari out of that court so that it now shows the correct amount of said verdict and judgment to be $3,000.00. It is from the said judgment that this appeal has been prosecuted.

We now quote from the appellant's brief his errors relied upon for reversal, which are identical with the assignment of error, as follows:

"First: The court erred in overruling appellant's motion for change of venue from regular judge of said court.

"Second: The court erred in denying the Clerk of said Circuit Court to docket and forward appel-

lant's second application for change of venue from said regular Judge of said Court to the Clerk of the Supreme Court as requested by said appellant.

"Third: The court erred in overruling appellant's motion for a new trial of said cause.

"Fourth: The appellant objects to the written instruction given by the court to the jury from 1 to and including No. 20.

"Fifth: The appellant objects to the court giving to the jury the instruction tendered by said appellee No. 1, 3 and 4.

"Sixth: The court erred in failing and refusing to affirm or deny appellant's motion for an order to secure a full and complete transcript of said cause of action including all order book entries, all papers on file, and all offered to be filed and also a bill of exception containing all the evidence offered to be introduced together with rulings of said court and exceptions thereto, and all exhibits offered and introduced in evidence.

"Seventh: The court erred in refusing to settle and sign appellant's bill of exception."

On July 17, 1941, while the cause was still pending in the Supreme Court, the appellant filed a petition for writ of mandate, the same being Cause No. 27588 of the Supreme Court, the prayer of which we quote as follows:

"WHEREFORE, Relator prays the court for an alternate writ of mandate commanding the said William Fitzgerald, to sign said bill of exceptions and cause the same to be made a part of the record in said cause, and also to direct the clerk of said court to correct his record so as to show the proceedings of said court each day said cause of action was pending in said Court, and for all other and proper relief in the premises."

We now quote paragraph five of said petition for writ of mandate:

"And relator further alleges and says that upon the 1st day of July he presented the certified bill of exceptions of the court reporter, to the Judge of said court for his inspection and signature, and upon the 8th day of July, 1941, he the said Judge refused to sign the same for the following reason, to-wit:

'Court Entry.

Bill of exceptions containing the evidence not having been filed during the term in which the motion for a new trial was overruled and the defendant not having requested or been allowed time beyond the term for the filing of such bill at the time his motion for a new trial was overruled the court now declines to sign defendant's bill of exceptions containing the evidence.'"

On July 21st, 1941, this petition for writ of mandate was denied by the Supreme Court. On December 1st, 1941, the Supreme Court transferred the cause, under § 4-217, Burns' 1933, to this court where it is now pending.

The motion for new trial contains twelve causes or grounds which may be summarized as follows: The first four are to the effect that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. Causes 5 to 11 inclusive relate to the rulings of the trial court in reference to the evidence. Clause 12 is simply a statement that the jury failed, refused and neglected to give due consideration to a certain item of evidence.

With reference to the first two errors relied upon for reversal, the same being the first two specifications in the assignment of error, it may be said that neither of these are proper independent assignments of error on appeal, and would of necessity need to be presented by a motion for new trial.

See *Southern R. Co.* v. *Sittasen* (1906), 166 Ind. 257, 260, 76 N. E. 973, wherein it is said:

"It has often been decided by this court that error predicated upon the denial of a change of venue must be assigned as a reason for new trial or it will be considered as waived."

See also *Valhalla Memorial Park Co.* v. *Lowery* (1936), 209 Ind. 423, 199 N. E. 247. See also *Peel* v. *Overstreet* (1921), 190 Ind. 290, 130 N. E. 113. Many other cases could be cited holding the same as the above cases.

With reference to the second of said errors assigned, it may further be mentioned that the subject-matter of that assignment of error was before the ■ Supreme Court when this cause was pending in that court in the petition for mandate heretofore mentioned, and the relief prayed for in said petition for mandate in reference thereto was denied by the Supreme Court. The same may be said as to the sixth and seventh of the said errors assigned. The fourth and fifth of said assigned errors relate to certain instructions to the jury. Questions as to instructions can only be presented in the motion for a new trial. Such questions are not proper independent assignments of error, therefore nothing is presented as to instructions.

All of the causes or grounds of the motion for new trial, with the possible exception of the cause or ground that the verdict of the jury is contrary to law, ■ depend entirely upon the evidence. The bill of exceptions containing the evidence is not properly in the record as is disclosed by the action of the Supreme Court in the said mandate matter. The reason why the said bill of exceptions containing the evidence is not in the record is disclosed by the statement of the trial judge, which was heretofore set out in item 5 of said

petition for mandate. No causes or grounds depending upon the evidence are presented in this appeal.

We can perceive of no reason why the verdict of the jury should be held to be contrary to law. In order to be contrary to law, it would have to be contrary to the principles of law as applied to the issues under consideration by the jury. The claim as originally filed was for some $8,714.00 for services alleged to have been rendered by the appellee's decedent to the appellant's decedent in the lifetime of each, and covering a period of approximately fifteen years. The jury's verdict sustained the claim of the appellee in the sum of $3,000.00. The judgment followed the verdict. There was certainly nothing in the record to indicate that such a verdict is contrary to law.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 40 N. E. (2d) 373.