## DEPARTMENT OF INSURANCE OF INDIANA *v.* INDIANA TRAVELERS ASSURANCE COMPANY

[No. 17,341. Filed January 19, 1945.]

[For opinion of the Supreme Court transferring the case to the Appellate Court, see 223 Ind. ——.]

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Deputy Attorney General, and *Michael B. Reddington,* all of Indianapolis, for appellant.

*John A. Royse, Howard P. Travis* and *Herbert J. Backer,* all of Indianapolis, for appellee.

DRAPER, C. J.—The appellant brought this action under the provisions of chapter 162 of the Acts of 1935, being § 39-3401, et seq., Burns' 1940 Replacement, seeking the appointment of a conservator to rehabilitate the appellee, a domestic insurance company.

A show cause order was duly issued under § 35 of the Act; appellee filed its response thereto, and upon hearing the court found for the appellee and entered a judgment denying the relief prayed for.

The appellant filed its motion for new trial alleging that (1) the finding of the court is not sustained by sufficient evidence and (2) is contrary to law. The motion was overruled and that ruling is here assigned as error.

This cause was originally appealed to the Supreme Court and was by that court transferred to this one. See *Department of Insurance* v. *Indiana Travelers Assur. Co.* (1944), 223 Ind. —, 57 N. E. (2d) 625.

Under the negative finding of the court below, the appellant presents no question by an assignment of error to the effect that the finding or the decision of the court is not sustained by sufficient evidence. *Wilson, Admx.,* v. *Rolling* (1938), 214 Ind. 155, 14 N. E. (2d) 905; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. (2d) 474.

The evidence in this case, however, shows beyond question and without dispute, and in fact it is admitted by appellee, that it formerly permitted irregularities and indulged in forbidden practices in some respects as alleged in the complaint, and appellant insists that a finding adverse to it is therefore contrary to law and

calls for a reversal by this court. In this we cannot agree.

The effect of the order prayed for by appellant would be to confer upon it the right and to charge it with the duty of taking possession of the property of the company and of taking over, conducting and operating its business. Such relief is much like that generally afforded by the appointment of a receiver, and in our opinion the question should in its broader aspects be governed by the rules applicable thereto.

It is not every irregular practice that will justify the granting of the extraordinary relief prayed for. The trial court in these cases is called upon to decide whether the situation shown to exist is such as to require the granting of such relief, to the end that justice will not be defeated by withholding it. In deciding the question it must exercise its sound legal discretion in view of all the circumstances. *Hawley* v. *Huntington Co. State Bank* (1929), 201 Ind. 390, 165 N. E. 546.

When such a discretionary power is vested in a lower court, this court will not interfere on appeal unless there has been a plain abuse of such power to the prejudice of the complaining party. *Mead* v. *Burk* (1901), 156 Ind. 577, 60 N. E. 338.

It is not considered necessary or advisable to recite the evidence in this case, but we have reviewed it carefully, and we can find no justification for a reversal under the rule announced.

Judgment affirmed.

Royse, J., and Hamilton, J., not participating.

NOTE.—Reported in 58 N. E. (2d) 761.