ROUSH *v.* HULLINGER ET AL.

[No. 17,861. Filed June 30, 1949.]

*Warren E. McGill;* and *Seebirt, Oare & Deahl,* all of South Bend, for appellant.

*Roy Sheneam,* of Plymouth, for appellees.

MARTIN, J.—This is an appeal from a judgment on appellees' counterclaim to quiet title to 40 acres of farm land in St. Joseph County, Indiana. The issues were based upon a paragraph of the complaint for partition and a paragraph of the complaint for accounting, together with answers filed thereto and two paragraphs of counterclaim to quiet title filed by the appellees and the answers of the appellant thereto, and the court found against the appellant on those issues. Appellant assigns error in the overruling of her motion for new trial which specifies that (1) the decision of the court is not sustained by sufficient evidence, (2) the decision of the court is contrary to law.

Although the first specification in appellant's motion for a new trial presents no question since a negative decision may not be attacked upon the ground that there is a lack of evidence to sustain it, the appellant may properly assert under the second specification that by the decision of the trial court she was denied the relief to which the evidence entitled her. *Wadler* v. *Mogul Rubber Corporation* (1945), 116 Ind. App. 152, 61 N. E. 2d 472; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *McKee* v. *Mut. Life Ins. Co. of N. Y.* (1943), 222 Ind. 10, 51 N. E. 2d 474; *Dept. of Insurance* v. *Indiana Trav. Assur. Co.* (1945), 115 Ind. App. 285, 58 N. E. 2d 761.

This case was tried by the court without the intervention of a jury. This suit involved the construction of an agreement purporting to restate the contents of a prior lost antenuptial contract which contained the following provisions; "The said Ellen Bickel shall have possession of all the real estate of which I may die seized for the period of one year after my death, together with one-fourth of the proceeds therefrom."

The contention of counsel for appellant is that in accord .with the proper construction of this provision the appellant should have possession of all real estate of which her husband died seized for a period of one year after his death including the incidents thereof, such as the exclusive right to occupy and control the same and to receive the profits therefrom and that in addition to such possession and the incidents thereof, the appellant was to receive a one-fourth title interest in all real estate of which Isaiah Roush died seized.

The rule by which we must be controlled in the interpretation of this contract is that which is applicable to any other contract: First, it must be considered not in fragments, but as an entirety, and the intention of the parties ascertained through the words they have used. To ascertain their intention, regard should be had to the character of the instrument, the condition of the parties, and the object which they had in view. *Kennedy* v. *Kennedy, et al.* (1898), 150 Ind. 636, 50 N. E. 756.

The circumstances or conditions of the parties to this contract, at the time of its execution, appearing from the averments of the second paragraph of counterclaim are that the decedent, Isaiah Roush, intermarried with appellant in the year of 1914, at which time each had children by former marriages, and at said time each was the owner of property; said decedent was

survived at his death by the appellant, a second childless wife and 7 children by former marriage.

The right of an adult intended husband and wife in contemplation of marriage, to intercept a statutory line of descent, or the rights conferred by law, and substitute by contract, or agreement, a rule of inheritance of their own creation, by which their respective rights in the property of each other may be measured or determined, is a well settled principle. *Bishop on Married Women,* § 427; *McNutt* v. *McNutt* (1889), 116 Ind. 545, 19 N. E. 115.

Antenuptial contracts are favored by the law. They adjust property questions and promote domestic happiness. In such contracts no formality is required and a liberal construction will be given them in every case, giving effect, if possible, to the intention of the parties. *Moore, Adm.* v. *Harrison, Adm.* (1900), 26 Ind. App. 408, 59 N. E. 1077 and cases there cited.

The law is clear at the present time that an adult woman, before her marriage, may bar her legal rights in her husband's estate by her agreement to accept any other provisions in lieu thereof, and such an agreement will be upheld and enforced by the courts in the absence of fraud or imposition upon her, and where it may be said, under the particular circumstances, that it is not unconscionable. *Kennedy* v. *Kennedy, et al., supra.*

In the case of *McNutt* v. *McNutt, supra,* the court said:

"The truth is, it is exceedingly difficult to imagine why, in any case where there is no fraud, courts should displace the judgment of contracting parties and substitute their own. No person in the world can so well and so justly judge as the contracting parties themselves, and it is only in the strongest and clearest cases that courts should

disregard their judgment, and never where there is neither positive wrong nor a fraud."

Our courts have uniformly upheld antenuptial contracts where fairly entered into, even though the effect be to leave the surviving wife very little, ■ based upon the motives of marriage not being mercenary, but of the consideration in itself, and holding under such contracts, that the considerations fixed by the parties will be deemed sufficient, even though the provisions for the contemplated wife be much less than the statutory right of widows, or even give her no property interest. *Mallow* v. *Eastes* (1912), 179 Ind. 267, 100 N. E. 836, and cases there cited. In the case of *Webb* v. *Rhodes* (1902), 28 Ind. App. 393, 61 N. E. 735, the court held "possession" is a synonym for "occupancy."

Tested by these well settled principles we are of the opinion that appellant and her prospective husband at the time they executed the contract in controversy, intended that her rights in his estate, at his death, should be measured solely by the provisions therein made for her.

This court construes said antenuptial contract to the effect that appellant should have possession for one year of all real estate of which her prospec- ■ tive husband should be seized, at the time of his death, together with one-fourth interest in the rents and profits therefrom during such year, but not including any freehold interest therein for life or in fee.

The counsel for the appellant cites and relies upon the following cases as authority for giving the appellant one-fourth interest in the real estate. *Hunt, Guardian, et al.* v. *Williams* (1890), 126 Ind. 493, 26 N. E. 177; *Bowen* v. *Swander, et al.* (1889), 121 Ind.

164, 22 N. E. 725; *Thompson* v. *Schenck* (1861), 16 Ind. 194; *Skinner* v. *Spann* (1911), 175 Ind. 672, 93 N. E. 1061. These cases all involved the construction and interpretation of wills and the facts in those cases are distinguished from the facts in this case.

Counsel for appellant also cites *Williams, et al.* v. *Owen, et al.* (1888), 116 Ind. 70, 18 N. E. 389. That case construes a deed, and the facts are distinguished from the case at bar.

The decision of the court is not contrary to law and the court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.

Royse, J., not participating.

NOTE.—Reported in 86 N. E. 2d 714.