## WARNOCK *v.* FOGLE.

[No. 14,857. Filed September 19, 1933.]

*J. F. Denney* and *Ralph Mott*, for appellant.

*James R. Fleming* and *James J. Moran*, for appellee.

CURTIS, J.—This was an action by the appellee, for himself and all others similarly situated, against the appellant and seventeen other stockholders of the Farmers and Merchants State Bank of Geneva, Indiana, which was in the hands of a receiver, to recover what

is commonly known as the double liability of stockholders in a banking institution under the Constitution of the state of Indiana, on the ground that the assets were insufficient to discharge the indebtedness thereof. The appellee alleged that he and the others for whom he brought the action were unpaid creditors.

The complaint was in one paragraph. To this complaint the appellant, together with the seventeen other defendants, filed a separate and several partial answers in two paragraphs. The first paragraph of answer admitted all of the allegations of the complaint, but by way of confession and avoidance alleged in substance that at the time said bank was closed and before any receiver was appointed, the banking commissioner of Indiana, in conjunction with the officers and directors of said defunct institution levied an assessment on the stockholders of said bank of 60 per cent of the par value of the capital stock of each of said stockholders for the purpose of restoring the capital stock of said bank which had been partially dissipated, and to pay the debts and liabilities of said institution, and each of the said stockholders, including appellant, paid to the cashier of said defunct bank 60 per cent of the par value of their said stock.

That said money so paid to said cashier was by him applied to the discharge of debts and obligations owed by said bank. The appellant admits owing the 40 per cent of said capital stock and offers to confess judgment therefor, together with costs and accruing costs.

The second paragraph of answer set up the same facts as the first except that it alleges that instead of applying said money so paid in, to the payment of said obligations of said bank, it charges that in violation of said trust, the officers of said bank diverted the same and converted it to the purpose of running and still further operating said bank.

To these answers, the appellee replied in general denial.

The cause was submitted for trial to a jury who returned a verdict against the appellant in the sum of $714.30. Judgment was entered upon the verdict. The appellant filed a motion for a new trial which was overruled and an exception taken and this appeal prayed and perfected. The only error assigned and relied upon is the ruling of the court on said motion.

The causes stated in the motion for a new trial are: that the verdict of the jury is contrary to law; that it is not sustained by sufficient evidence; that there is error in the amount of recovery in that it is too large; that the court erred in giving to the jury of its own motion instruction number one, and in refusing to give instruction number one requested by the defendant. The appellant in his brief says that each of the causes in the motion for a new trial raises the same question and he treats them as one. They will be so considered by the court. The instruction given by the trial court and referred to in the motion for a new trial as instruction number one, given by the court on its own motion, was a peremptory instruction to the jury to return a verdict in favor of the appellee. The appellant's instruction which was refused was based upon his theory that he was entitled to a credit of 60 per cent of his liability in accordance with the facts set up in his said answer above abstracted.

The following facts were stipulated: "No. 1. That the Farmers and Merchants State Bank of Geneva, Indiana, was organized as a banking corporation under the laws of the state of Indiana several years prior to November 20, 1928.

"No. 2. That on November 13, 1928, it closed its doors and ceased to transact business on account of its insolvency.

"No. 3. That on account of its insolvency, it was placed in the hands of a receiver on November 20th, 1928, and has ever since been and now is in the hands of a receiver for liquidation, and is in the process of liquidation.

"No. 4. That at the time it closed its doors for liquidation, each of the answering defendants in this cause were the holders and owners of the number of shares of the capital stock as set forth in the plaintiff's complaint, and of the par value as mentioned therein.

"No. 5. That there were a great number of depositors and customers who were the owners of checking accounts and certificates of deposit against said banking institution, at the time it closed its doors for liquidation and that they have been paid the sum of 58 per cent of their claims and that said banking institution does not have sufficient assets out of which to discharge its indebtedness, in the event all of the stockholders are required to pay an amount equal to the par value of their stock.

"No. 6. That the amount still due the creditors of said banking institution is approximately $85,000.00. That the plaintiff is one of the said creditors of said banking institution to the amount of approximately $2,100.00 and that he sues for numerous other creditors of said banking institution who are similarly situated as plaintiff.

"No. 7. It is further stipulated and agreed that at the time the Farmers and Merchants State Bank closed its doors for liquidation on November 13, 1928, that the defendant . . . William Henan Warnock was the owner of 7 1/7 shares of the capital stock of said banking institution of the par value of $714.30.

"No. 8. It is further agreed by and between the parties to this record that on and shortly prior to March 6th, 1925, at a time when the said Farmers and Mer-

chants State Bank was operating as a bank of discount and deposit in the town of Geneva, Indiana, said bank was insolvent and at the request and direction of the State Bank Examiner, the doors of said bank were closed and notice in writing issued to each stockholder thereof, calling a meeting for the 6th day of March, 1925, for the purpose of voting on the liquidation of the affairs of said bank, and that at said meeting, an assessment of 60 per cent of the capital stock of said bank, which at that time was $35,000.00 was at the direction and with the approval of the State Bank Examiner levied against each of the stockholders, and that each of these answering defendants and the other stockholders of the said bank, paid in to the officers of the said bank, the said sum of 60 per cent of the par value of their stock, and that thereafter it was determined by the said board of directors to reopen the said bank and to reduce the capital stock thereof from $35,000.00 to $25,000.00 which was accordingly done, and the bank continued in business thereafter from March 18, 1925, to November 13, 1928, when it went into liquidation." In addition to the above stipulation the appellant introduced the minutes of the meetings of the board of directors and the stockholders of the bank relative to the making of the said assessment of 60 per cent which said meetings were held respectively on the 6th and 16th days of March, 1925. We quote from the minutes of the stockholders' meeting as follows: "A motion was made by James Kenney and seconded by James Barr that the matter of liquidation be deferred and upon ballot by the stockholders was unanimously carried.

"After due consideration by said stockholders, a motion was made by George Shoemaker and seconded by James Barr, the capital stock of $35,000.00 as of record February 26, 1925, of said bank be assessed 60 per cent par value, said assessment to be paid on or before March

25, 1925, to said Farmers and Merchants State Bank.

"Upon roll call of this meeting the vote was unanimously carried. There being no further business to come before this body, the said meeting adjourned."

The record before us conclusively shows that the 60 per cent assessment, paid by the appellant, for which he claims credit in the instant case, was paid under the provisions of section 3858, Burns 1926, for the purpose of repairing the capital stock which had become impaired. After his said payment was made, together with the payments of a like per cent by the other stockholders, the bank continued in operation regularly as a bank of discount and deposit for more than three years before it went into liquidation. His payment was made direct to the bank and was an incident of operation and not of liquidation. It bears no relation whatever to a suit by a creditor or on behalf of the creditors of an insolvent bank in liquidation against the stockholders to enforce their double liability where the assets of the insolvent bank are insufficient to pay and discharge its obligations to its creditors. The superadded liability of the stockholder of such a bank, under the provisions of the constitution, being section 212, of Burns R. S. 1926, is not relieved by payments made on assessments under the statute to repair impaired capital such as was made by the appellant in the instant case. See: *James P. Duke, etc.* v. *Horton Caumont Force* (1922), (Wash.), 208 Pac. 67, 23 A. L. R. 1354; *Citizens' Bank of Lane, etc.* v. *S. D. Needham et al.* (1926), 120 Kansas 523, 244 Pac. 7, 45 A. L. R. 1202; *L. A. Andrew, etc.* v. *Farmers' Trust & Savings Bank of Charles City et al.* (1927), (Ia.), 213 N. W. 925, 56 A. L. R. 521; *Northwestern Trust Co.* v. *Bradbury* (1912), 117 Minn. 83, 134 N. W. 513, Ann. Cas. 1913D 69; *Delano* v. *Butler* (1886), 118 U. S. 634, 30 L. Ed. 260; *Page* v. *Jones* (1925), 7 Fed. (2d) 541; *Smith, etc.* v. *Goldsmith* (1926), (S. D.), 207

N. W. 977; *Markus* v. *Austin, etc.* (1926), (Tex.), 284 S. W. 326; *Blackert* v. *Lankford, etc.* (1918), (Okla.), 176 Pac. 532; *Golden* v. *Cervenka* (1917), (Ill.), 116 N. E. 273; *Andres* v. *State ex rel.* (1931), 124 Ohio St. 348, 178 N. E. 581. As to the form of the action and also as throwing additional light on the instant case, see *Gaiser* v. *Buck* (1931), 203 Ind. 9, 174 N. E. 83; *Rowley* v. *Pogue* (1932), 203 Ind. 655, 178 N. E. 449.

The facts are not in dispute and when the law is applied to them, but one result can be reached, that of full liability of the appellant. The court committed no error in its own instruction to the jury and in refusing to give the appellants' instruction tendered. The verdict is fully sustained by the evidence and is neither too large nor contrary to law. The motion for a new trial was correctly overruled.

Judgment affirmed.