DEPARTMENT OF FINANCIAL INSTITUTIONS ET AL.
*v.* ZMUDZINSKI

[No. 16,455. Filed November 28, 1939. Rehearing denied February 15, 1940. Transfer denied March 25, 1940.]

*George Sands,* for appellants.

*Olczak & Olczak,* for appellees.

DEVOSS, C. J.—Appellees filed their amended intervening petition in the matter of the liquidation of the Kosciuszko Building and Loan Association, in three paragraphs, each of which substantially alleges that appellee Anthony Zmudzinski, acting for himself and on behalf of others, whose rights and interests were the same as his, and who are similarly situated and interested in the cause, except as to their respective amount of stock, was a stockholder in the Kosciuszko Building and Loan Association in South Bend, Indiana, on the 30th day of September, 1933, and that on that day the Department of Financial Institutions of the State of Indiana, presumptively for the reason of insolvency, took possession of the business and property of said Association. That thereafter the Department submitted to the Association and its stockholders a proposal for the re-opening and resumption of business by the Association, which proposal required that $243,703.96 in stock be written off by the stockholders of the Association before the Department would return the business and property to said Association and permit them to resume business with restrictions as set out in the proposal.

That the petitioner, and others similarly concerned, wrote down 35% of their respective stockholdings and in reliance on the terms of said proposal secured a write down in the required sum by a majority of the stockholders, but that a large number of stockholders refused to consent to such write down on their stockholdings, and their stockholdings were not reduced as were the stockholdings of those who consented to said write down.

That the Department took over said Association and is liquidating the affairs of said Association, and that since said write down was achieved there have been declared and paid two dividends on the stockholdings of said Association, each dividend amounting to 15% of their respective accounts; that the stockholders who did not write down their stock received two distributive dividends of 15% each on 100% of their aggregate stock, and those who did not write down their stock received two distributive dividends of 15% each on 65% of the stock owned by them, and that by reason of such write down the distributive dividends to be received in the future by the owners of such written down stock will be 35% less than those who did not write down.

That the petitioners and others similarly situated consented to the said write down only for the purpose of complying with the proposal as submitted to them by the Department for the resumption of business by the Association, and the distribution of dividends heretofore mentioned was made to further the liquidation of the assets of said Association and not for the purpose of enabling the Association to resume business, but notwithstanding their compliance with said proposal the Department never permitted said Association to resume business and the Association

never did resume business, and the Department is continuing the liquidation of said Association.

Petitioner prays, on his own behalf and others, that the stock which they wrote down be returned to him and them, that their accounts be credited with the amount of said write down, and that the Department be ordered to pay the dividends due on the stock so written down.

Thereafter appellees filed what is denominated in the briefs as "an ancillary petition," asking the court to provide for the payment of attorney fees for the prosecution of appellees' intervening petition, and thereafter, Anthony Olczak, attorney for appellees, filed a verified statement in support of the ancillary petition for allowance of attorney fees, which statement contained an itemized account of the services rendered by said attorney.

To the intervening petition of appellees Anthony Zmudzinski and others, the appellants Department of Financial Institutions filed an answer in one paragraph averring the taking over of said Association on the 30th day of September, 1933; that on the 23rd day of February, 1934, said Department submitted to said Association a written proposal whereby the Department proposed to turn back and redeliver the business and property of said Association to its said Board of Directors under certain terms and conditions set out in said proposal. That said Association met the terms of said proposal and that said Department did turn back and redeliver the business and property of said Association to it and its Board of Directors on or about the 16th day of May, 1934; that said Department dismissed its cause of liquidation and caused a judgment to be entered in said cause, whereby it was decreed by the St. Joseph Superior Court No. 1 that the terms and conditions of the pro-

posal had been met by the Association and that the property and business be delivered to said Association, and the proceedings were fully and finally disposed of.

That thereafter said Association continued to carry on its business without any interference or action on the part of the Department until on or about the 17th day of August, 1935, on which day the Department again took charge of the business and assets, under the statutes of Indiana, and ever since said day has had possession of the business and property of said Association for the purpose of liquidation under the supervision of the court as by law provided. Said answer prayed judgment.

No pleading was addressed to the ancillary petition for attorney fees.

On March 25, 1939, said cause was submitted to the court on the amended intervening petition of appellees, the answer thereto, and the ancillary petition for attorney fees, and the court made a finding and judgment for appellees. Thereafter appellants filed their motion for a new trial which was overruled by the court and this appeal followed.

Appellants assign as error "that the court erred in overruling appellants' motion for a new trial."

The reasons assigned in the motion for a new trial are: (1) The decision of the court is not sustained by sufficient evidence. (2) The decision of the court is not contrary to law.

Appellees have filed a motion to dismiss the appeal herein for the following reasons: (1) Because the appellants have no appealable interest in this cause; (2) because appellants were not entitled to file their briefs without proof of service, showing that a copy thereof was served upon the opposing party (appellees) or their attorney.

Sec. 45 of the Financial Institutions Act of 1933 §18-305 Burns Ind. Statutes Ann. 1933, §7767 Baldwin's 1934, provides:

"Except as herein otherwise provided, the sole and exclusive right to liquidate and terminate the affairs of any financial institution to which this act is applicable, shall be vested in the department . . . ."

Sec. 50 of said Act, §18-310 Burns Ind. Statutes Ann. 1933, §7772 Baldwin's 1934, provides among other things:

"The department may also, in its own name, or in the name of such financial institution, commence and prosecute, or participate in any and all such proceedings, suits or actions at law or in equity as may be necessary and proper to collect or recover any assets, claims, debts, dues or demands in favor of such financial institution, and may likewise prosecute or defend or participate in any and all suits or actions at law or in equity which were pending against such financial institution when possession was acquired by the department, and may likewise *defend any suit or action instituted thereafter.*"

The claim prosecuted under the intervening petition is in our opinion an action instituted against the Department after possession was acquired by the Department and the right under the statute to defend carries with it the right of appeal.

Appellees further contend that no proof of service of copy of brief on appellees is shown. The record on the transcript before us is as follows: "1939. Aug. 11. Appellants' brief 9. proof of service of copy by printer."

The motion of appellees is not verified and from an examination of appellees' brief on the merits of the

case it is apparent that they had access to the brief of appellants.

Motion to dismiss overruled.

There is no dispute as to the pertinent parts of the record.

On September 30, 1933, the Department of Financial Institutions of Indiana took possession of the business and property of the Kosciuszko Building and Loan Association of South Bend, for the purpose of liquidation after it had been determined by proper authority that said Association was in an unsound condition. Said Department filed its notice of liquidation in the St. Joseph Superior Court No. 1 of St. Joseph County, Indiana, appointed a receiver, and proceeded in liquidating the business and affairs of said Association under the jurisdiction and orders of said court.

Some time prior to February 23rd, 1934, negotiations were had between the Department of Financial Institutions and the officers and directors of said Association relative to a return of its business and property to said Association and a dismissal of the liquidation proceedings. A written proposal was submitted by the Department to the officers and directors of said Association, whereby said Department proposed to return such business and property, with certain restrictions, to the Association and to dismiss said liquidation proceedings under certain conditions, one of which conditions was, that said Association would cause its depositing shareholders to write off or write down their stock in the aggregate sum of $243,703.96 and thereby reduce the liability of said Association to its depositing shareholders in that amount and thereby render said Association solvent. Said write off or write down, under said proposal, was to be accomplished on or before May 1, 1934. It was

further provided in said proposal that said proposal be accepted and approved by a resolution adopted by a majority vote of the shareholders of the Association present at a special annual adjourned meeting to be held February 24, 1934, and that it also be accepted and approved by a majority vote of the Board of Directors.

On February 24, 1934, at a meeting of the shareholders of said Kosciuszko Building and Loan Association, whereat a legal quorum was present, said Association accepted and approved said proposal by a resolution adopted by a unanimous vote, and on said February 24, 1934, the directors of the said Association met and accepted and approved said proposal by a resolution unanimously adopted.

Thereafter appellees herein, Anthony Zmudzinski and others similarly situated, being a majority of the stockholders of said Association, in compliance with the proposal of said Department wrote off or wrote down the stock owned by them and each of them in an amount equivalent to 35% of such stock so owned, and this aggregate amount so written off or written down was in the total sum of $251,218.58.

On May 3, 1934, the Commission for Financial Institutions of the State of Indiana, by a resolution, ordered ''that the business and affairs of the said Kosciuszko Building and Loan Association be turned back to the proper officers thereof and said financial institution be permitted to resume business . . . and that the services of . . . the special representative of the Department of Financial Institutions in charge of such Kosciuszko Building and Loan Association be and the same are hereby terminated.'' Said Department also filed in the St. Joseph Superior Court No. 1 a verified petition and final report in the matter of the liquidation of said Association, being Cause No.

43550 on the docket of said court, and said court among other things adjudged and decreed "that said Department of Financial Institutions has delivered the business and property of said Association back to it, and to its duly authorized officers . . .; that the above entitled proceedings be and it is hereby adjudged fully and finally disposed of."

After the business and affairs had been turned back to the Association said Association proceeded to transact its business affairs. The officers had full charge, subject to the restrictions set out in the proposal; held directors' meetings every two weeks some of the time and once a month at other times; elected new officers; sold real estate and paid a distributive dividend to the stockholders.

On August 19, 1935, the Department again took possession of the business and affairs of the Association and are now liquidating the same.

Sec. 47 of "The Indiana Financial Institutions Act" provides among other things that: "(a) The department may at any time after taking possession of the business and property of any financial institution upon such condition as may be approved by the department, surrender such possession to such financial institution for the purpose of permitting it to resume business."

Pursuant to the above section of the statute the Department after taking over the affairs of the Association herein approved the conditions under which the business and affairs would be returned to them and submitted a proposal to said Association. Among the conditions were the following: that a reserve account be established in the sum of $243,703.96; that the Association continue upon a restricted basis, issue no investment stock and pay no dividends until authorized by the Department; that the Association

make monthly reports to the Department; that this Department will not return possession until it is fully satisfied that sufficient stock has been *presented* to the Association for the contemplated write off of $243,-703.96 in total.

It was the purpose of the Department in submitting the proposal of write off to render the Association solvent by decreasing the liabilities thereof. This solvency might have been accomplished by requiring an assessment to be paid in of the amount stipulated, and had this been required and the assessments paid, such assessments paid would have been an absolute gift to the Association. However, to accomplish the purpose of rendering the Association solvent the Department required a decrease in the liabilities by a write off. It is our opinion that such a write off is likewise a gift to the Association.

There is no contention by the appellees that they were mislead as to the contents of the proposal or that there was fraud practiced upon them. The petition alleges "that the petitioner herein, with others similarly concerned, situated and affected, consented to said write down only for the purpose of complying with the proposal as submitted to them by the Department in order to bring about a resumption of business by said Association."

This too was the purpose of the Department in submitting the proposal. It was no doubt the intention of all the parties concerned to render possible a successful corporate life of the Association. The stockholders who wrote off their stock were in the majority and had control of the affairs for the period of time from the return of the business until again taken over by the Department. The evidence discloses, and it is stipulated as a fact, that the Association conformed to all of the conditions imposed by the Department.

It is further disclosed that the Association entered into contracts for the disposal of real estate whereby they agreed to accept written down stock of the value of $200,000.00 for real estate having a book value of $345,000.00. The record further discloses that a dividend was declared and paid to the stockholders of 15% during the time the business was in the hands of the Association, and that after the affairs were again taken over by the Department another 15% dividend was paid. The appellees participated in these dividends. Some of appellees had disposed of their written down stock before the intervening petition was filed.

If this obligation contracted by the acceptance of the proposal by the Association could be disavowed and set aside after acting thereunder for approximately 15 months, because of the failure of the objective, through no fault of the Department, the Department would have no assurance of the fulfillment of contracts of a like nature in the future, and such a construction would be to attack one of the purposes of the Act itself, that of rehabilitating the financial structure of institutions involved.

In the case of *Hawley et al.* v. *Huntington County State Bank* (1929), 201 Ind. 390, 393, 165 N. E. 546, wherein the matter of payments by officers to the bank were concerned, the Supreme Court said: ". . . Indeed it has been held that, in such a case, the bank becomes the absolute and unconditional owner of the amounts paid to it without liability to repay. *Wright* v. *Gurley* (1913), 133 La. 746, 63 So. 310; *Interstate Trust & Banking Company* v. *Irwin* (1915), 138 La. 326, 70 So. 313."

In the case of *Warnock* v. *Fogle* (1933), 97 Ind. App. 357, 362, 186 N. E. 889, wherein the matter of assessment of stockholders was involved, this court said:

"His payment was made direct to the bank and was an incident of operation and not of liquidation. . . . The superadded liability of the stockholder of such a bank, under the provisions of the constitution, being section 212, of Burns R. S. 1926, is not relieved by payments made on assessments under the statute to repair impaired capital such as was made by the appellant in the instant case."

It is our opinion and we so hold that the write down of stock was made for the purpose of repairing the impaired capital of the Association, and that it was a gift thereof for that purpose, and under the circumstances the same cannot be disavowed.

We do not deem it necessary to discuss the questions raised as to the judgment on the ancillary petition for attorney fees for the reason that such judgment is predicated upon the recovery of appellees on the intervening petition, and inasmuch as a reversal of such judgment is necessary, it follows that the judgment for attorney fees must also be reversed.

The decision of the court is not sustained by sufficient evidence and is contrary to law.

Judgment reversed.